COUTANT and others, administrators of VARIAN, deceased *v.* FEAKS.

---

A party who wishes to avail himself in a present suit, by way of estoppel or otherwise, of any particular fact as having been conclusively established in a former suit between the same parties, must show that the fact he relies upon was absolutely necessary to the finding of the verdict in the previous suit and without the ascertainment of which the verdict could not have been rendered. Hence, a question of co-partnership which came up collaterally in a former action—although passed upon there—was no bar to going into the point of co-partnership in the present suit.
No decree where evidence is equal on each side.

---

*November* 18, 1834.

*Partnership.*
*Evidence.*

Bill to establish a partnership between the complainants intestate; and the defendant and for an account.

The facts in this suit and the testimony adduced sufficiently appear in the opinion of the court.

*Mr. J. Smith*, for the complainant.

*Mr. W. Silliman*, for the defendant.

*April, 6th,* 1835.

THE VICE-CHANCELLOR:—The bill in this cause alleges a partnership to have existed during a period of about eight years prior to the decease of the intestate, Isaac Varian,

which happened in the month of May one thousand eight hundred and twenty. The answer denies that a partnership ever existed; but, as the complainants waived an answer under oath and the defendant has accepted such waiver and not sworn to his pleading, the denial is not evidence against them. It is, however, incumbent upon the complainants to prove the fact of the alleged partnership in order to entitle them to an account; and whether this be sufficiently proved is the question I have to consider.

A question of partnership arose on the trial of a suit at law between the same parties, before referees, and wherein the present defendant was plaintiff. The latter there produced and offered to prove, as a part of his demand in the suit at law, an account for goods sold and delivered, which he called his store account, against the intestate. The present complainants objected to the introduction of the account upon the ground of a partnership in the business of the store where the account accrued; and because, whether any thing was due upon it or not, depended upon the settlement of the partnership accounts and which could not be gone into in the suit at law.

The referees heard evidence upon the point as to whether there had been such a partnership. It was a matter contested before them; and they came to the conclusion that a partnership had existed at the time the accounts accrued and they accordingly rejected the store account. In this decision the plaintiff Feaks acquiesced; laid aside the store account; and went on and recovered other legal demands which he had against the intestate.

The present complainants now insist that Feaks (the defendant here) is precluded from contesting any further the fact of a partnership, and contend that the question is put at rest by the decision of the referees. The effect of that decision, as it stands, undoubtedly is to preclude Feaks from suing again at law upon the account: for, as the demand has been once submitted to the referees and passed upon by them, their finding would be a bar to another action for the same cause. Such is the effect of a verdict and judgment—the claim has been submitted and passed upon and no inquiry is necessary as to the grounds or reasons of the finding. Still, if a party wishes to avail himself

of any particular fact as being conclusively established by the verdict of a jury in a former cause between the same parties, he must show that the fact which he relies upon as thus established was absolutely necessary to the finding of the verdict in the previous suit and that, without the ascertainment of such fact, the verdict could not have been rendered as it was ;—and then, the verdict not having been reversed or set aside, it may be given in evidence to prove the fact when again brought in question or, in a proper case, the former verdict may be pleaded by way of estoppel. These principles are to be found in *Wood* v. *Jackson*, 8 Wend. 1. and *Lawrence* v. *Hunt*, 10. Ib. 80. Now, in the case under consideration, the question whether there were a partnership or not, arose upon the trial before the referees rather incidently and upon a collateral point. It went only to a part of the then plaintiff's demand. The referees excluded this part. It is true the exclusion was upon the ground of a partnership being satisfactorily proved. The trial went on upon other matters ; and the report was made :—but it was not necessary to it that the fact of partnership should have existed. It did not enter into the verdict or finding of the referees. It was only collateral or incidental to it ; and therefore the report of the referees and the judgment of the court furnish no direct evidence of the fact of a partnership —they leave it to be " inferred by argument or construction " from the judgment." This is not enough to give it the effect of evidence : *Lawrence* v. *Hunt*, supra.

Then—as to the evidence in this cause. There are three witnesses on the part of the complainants who testify to declarations or admissions made many years ago by the defendant Feaks of the intestate's having an interest with him in the store as a partner ; while there are the same number, although not entitled to the same credit, who swear to declarations of the intestate himself that he had no concern or interest in the store. But the point does not end here : a variety of other facts and circumstances are testified to by other witnesses and all tending to show the non-existence of a partnership or, at least, the improbability of one ever having existed. The complainants are bound to make it out with reasonable certainty. It is not enough for

them to leave it *in equilibrio ;* and I do not perceive the scale is made to preponderate in their favor.

There is not enough to justify me in decreeing a partnership account to be taken ; and even if there were, it appears to me very doubtful whether any benefit would result to the complainants.

The statute of limitations is set up and insisted upon in the answer as a bar to an account, even if a partnership had been shown to have formerly existed. This statute may sometimes be a bar to a suit in equity by one partner against another for an account: *Atwater* v. *Fowler,* 1. vol. 422 ; and 1 am inclined to think there is sufficient room for its application here. But upon the first ground, I am of opinion the bill must be dismissed. As the complainants have, however, filed it in *autre droit* and under circumstances which may have induced them to believe a partnership could be proved, the dismissal must be without costs.