Leaman *v.* Sample.

No. 10,225.

LEAMAN *v.* SAMPLE.

PROMISSORY NOTE.—*Principal and Surety.*—*Former Adjudication.*—*Surety.*— *Contribution.*—In a suit against three on a promissory note, two of whom are sureties, an answer to the complaint by one that he is liable only as surety, and a judgment accordingly, and that the property of the other two be first exhausted, is not an adjudication which binds the other surety so as to bar a suit by him against his co-surety for contribution.

From the Hancock Circuit Court.

*W. R. Hough* and *W. W. Cook*, for appellant.

*D. S. Gooding* and *M. B. Gooding*, for appellee.

BICKNELL, C. C.—This was a complaint to review a judgment for error of law apparent in the record.

John N. Leaman sued George W. Sample, alleging in his complaint, that he and Sample had been sureties for Isaac Leaman, and that he had been compelled to pay the entire debt; he sought to recover from Sample one-half of the amount paid.

Sample answered in two paragraphs:

1. The general denial. 2. That the matters alleged in said complaint had been fully heard, tried, adjudicated and determined between the parties at the March term, 1876, of the Hancock Circuit Court.

A demurrer to said second defence was overruled; a reply was filed in denial; the issues were tried by the court, who, on request, made a special finding of facts and stated conclusions of law thereon, as follows:

1. Notes were executed by Isaac Leaman as principal and said John N. Leaman and George W. Sample as sureties; judgment was rendered thereon against all of them, and John N. Leaman was compelled to pay it.

2. In the suit on said notes Sample answered separately, admitting the execution of the notes by him, and averring that he "signed the same as surety and not otherwise," and praying that there be no stay of execution on the impending

Leaman *v.* Sample.

judgment, unless the replevin bail would agree to pay the same on failure of the other defendants to pay it.

3. All of said defendants answered jointly that Isaac Leaman was principal and John N. Leaman and George W. Sample were sureties on said notes, and that both of said notes were composed of illegal and usurious interest, for which they demanded judgment.

4. The plaintiff in said suit replied in denial of each of said special defences.

5. Neither Isaac Leaman nor John N. Leaman filed a demurrer or any other pleading to said separate answer of Sample alleging his suretyship, nor was any objection made to said separate answer, but the cause was tried by the court upon the issues joined; the court found for the plaintiff and assessed his damages at $264.57, and also found that George W. Sample was only surety, and rendered judgment against the defendants, with a direction that execution thereon be first levied of the property of the Leamans, and that there be no stay of execution, unless the replevin bail should undertake specially to pay the judgment, in case the amount thereof could not be levied of the principal defendants.

6. No objection or exception to the said finding and judgment was taken by any of the parties.

Upon the foregoing facts the court stated the following conclusions of law:

" Said finding and judgment of the Hancock Circuit Court constitute an adjudication between the parties to this suit of the matters and things involved herein, and it is final and conclusive upon them, as to said question of suretyship, and the law is with the defendant."

The court found for the defendant. The plaintiff John N. Leaman excepted to the conclusions of law. Judgment was rendered upon the finding against the plaintiff, who now demands a review of that judgment, and alleges in his complaint for review the following errors of law as apparent upon the record:

1. This amounts to nothing, and need not be further considered. It alleges as error of law that the defendant's second paragraph of answer was insufficient.

2. The court erred in overruling the plaintiff's demurrer to the second paragraph of the defendant's answer filed in said cause.

3. The court erred in each of the conclusions of law drawn from the facts as specially found in said cause:

4. The court erred in its decision upon the questions of law involved in said cause and the trial thereof.

This fourth specification amounts to nothing; the only errors of law properly charged in the complaint for review are the second and third.

The defendant Sample filed a demurrer to said complaint for review for the following causes:

1. Because the complaint does not state facts sufficient to constitute a cause of action.

2. Because there is a defect of parties defendants, in this, that Isaac Leaman should have been made a party defendant.

This demurrer was sustained by the court, and the plaintiff declining to amend his complaint for review, judgment was rendered against him on the demurrer. He appealed. The errors assigned are as follows:

1. Sustaining the demurrer to the complaint.

2. Rendering judgment in favor of the appellee.

This second assignment of error presents no question. Buskirk Prac. 112, and cases there cited.

As to the first error assigned, the complaint for review was not defective for want of parties. Isaac Leaman was not a party to the proceeding sought to be reviewed, and had no interest in it. *Sloan* v. *Whiteman*, 6 Ind. 434; *Douglay* v. *Davis*, 45 Ind. 493.

Upon the other ground of demurrer, it was not error in the proceeding sought to be reviewed to overrule the demurrer to the second paragraph of the defendant's answer, which alleged a former adjudication; that answer was substantially

good; it alleged that "The matters alleged in the complaint had been fully heard, tried, adjudicated and determined between the parties at the March term, 1876, of the Hancock. Circuit Court." If it was uncertain or not sufficiently specific, such defect is not available upon demurrer. *Wright* v. *Williams*, 83 Ind. 421 ; *Marquess* v. *LaBaw*, 82 Ind. 550 ; *Pittsburgh, etc., R. W. Co.* v. *Hunt*, 71 Ind. 229.

But in the proceedings sought to be reviewed, the court did err in its conclusions of law. The facts found did not show an adjudication of the question of suretyship as between the parties John N. Leaman and George W. Sample. The finding shows that the notes were executed by Isaac Leaman as principal and John N. Leaman and George W. Sample as sureties. There was no cross complaint in the case, and no issue between the sureties as to the question of suretyship between them.

George W. Sample's separate answer admits the signing of the notes, but states that he signed them "as surety, and not otherwise," and asks that there be no stay of execution on the judgment that may be rendered unless, etc

Then all the defendants, principal and sureties, filed a joint answer, in which they allege that Isaac N. Leaman was the principal in the notes, and that George W. Sample and John N. Leaman were sureties. The plaintiff, the principal, replied to these answers, but there was no issue between the sureties. It seems clear that the separate answer of Sample was intended as, and amounted to no more than, an objection to a stay of execution under section 700, R. S. 1881 ; any surety may make this objection. Sample's separate answer simply avers that he signed the notes "as surety, and not otherwise," without saying whether he was surety for one or both of his codefendants ; his separate answer, therefore, is not inconsistent with the joint answer which expressly avers that he and John N. Leaman were both sureties. There being no issue in the original suit on the notes, as to the question of suretyship between the appellee and the appellant, there could be in that

case no legal and binding adjudication of that question as to them.

Therefore, the conclusion of law in the proceeding sought to be reviewed, that "The finding and judgment of the Hancock Circuit Court constitute an adjudication between the parties to this suit of the matters and things involved herein, and is final and conclusive upon them as to said question of suretyship, and that the law is with the defendant," was wrong. There being no such adjudication, the other facts specially found show that the plaintiff in that suit was entitled to recover from the defendant one-half the money which the finding shows that said plaintiff paid.

The complaint for review, therefore, was sufficient, and the court erred in sustaining the demurrer to it. The judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things reversed, at the costs of the appellee, and this cause is remanded, with instructions to overrule the demurrer to the complaint.

