Woolery v. Grayson et al.

### No. 12,207.

### WOOLERY v. GRAYSON ET AL.

PARTITION.—*Question of Title.—Counter-Claim.—Cross-Complaint.*—The question of title may be put in issue in a suit for partition by a counter-claim or cross-complaint.

PLEADING.—*Title to Real Estate.—Facts Control General Averments.*—Where the facts constituting title are pleaded they will control general averments.

JUDGMENT.—*Former Adjudication.—Estoppel.—Conveyance.—Title.—Trust and Trustee.—Sale.*—Where one, having conveyed land to another in trust, is made a party to an action by the latter in which the conveyance is adjudged to be valid and the land ordered sold, he is estopped to litigate the question of title as against purchasers under the sale.

SAME.—*Collateral Attack.*—Unless a judgment is void a collateral attack upon it can not be maintained.

SAME.—*Proceedings in United States Courts.—State Courts Can Not Review.*—The validity of a sale made under a decree of a Federal court can not be litigated in the State courts, nor have the latter courts power to review in any manner, the decisions of the former.

SAME.—*Default.—Failure to Enter.*—The failure to enter a formal default against a defendant not appearing is at most a mere irregularity, and does not render the judgment void.

From the Lawrence Circuit Court.

*J. W. Buskirk* and *H. C. Duncan,* for appellant.

*M. F. Dunn* and *G. G. Dunn,* for appellees.

ELLIOTT, C. J.—The appellant petitioned for an order directing partition of real estate, and the appellees filed a counter-claim asserting title to all of the land.

The question of title may be put in issue in a suit for partition, and a counter-claim or cross-complaint is an appropriate method of presenting the question of title for the judgment of the court. *Spencer* v. *McGonagle,* 107 Ind. 410; *Cooter* v. *Baston,* 89 Ind. 185.

The counter-claim of the appellees undertakes to state the facts constituting the title asserted, and the sufficiency of the pleading must be determined from these facts, for, where a title is specifically pleaded, the general averments are not of

controlling force.   *Spencer* v. *McGonagle, supra;   Reynolds* v. *Copeland,* 71 Ind. 422.

The facts stated in the counter-claim may be thus summarized : The appellant and her husband conveyed the land in controversy in trust to one Charles H. Wolf, a citizen of the State of Ohio, and he brought suit against the appellant, her husband, and his assignee in bankruptcy, in the District Court of the United States for the District of Indiana.   A decree was pronounced in that suit establishing the validity of the conveyance, barring the equity of redemption of the appellant and her co-defendants, and directing a sale of the property.   The land was sold under the decree and bought by the grantor of the appellees.

The allegations of the counter-claim very clearly show that the interest of the appellant was involved in the suit brought by Wolf, and was adjudicated by the Federal court. If the conveyance executed by her was valid, it carried all her interest, of whatsoever character, and that it was valid was adjudged by the Federal court, for no decree could have been rendered without adjudicating that question.   Under the familiar rule declared in *Fischli* v. *Fischli,* 1 Blackf. 360, the decree would estop the appellant, even though there had been no express adjudication upon the question of the validity of the deed of trust, because the question of its validity might have been litigated in that suit.   We need not, however, invoke that rule, for it appears not only that the question might have been litigated, but that it was litigated.

It can not be doubted that the State courts have no power to review, in any manner, the decisions of the Federal court, so that the judgment in the suit brought by Wolf must stand as a conclusive adjudication.

.It is not necessary to discuss the question as to the regularity of the sale, for, if there was a decree, and a sale pursuant to that decree, the validity of the sale can not be litigated in the State courts.   It is, indeed, the law that even in cases of sales made upon a judgment or decree of a State court, a

collateral attack will be unavailing unless the sale is void. *Jones* v. *Kokomo, etc., Ass'n,* 77 Ind. 340.

The decree of the Federal court, as the special finding shows, declared the trust deed valid, barred the equity of redemption of the appellant, directed a sale of the land, and required the appointment of a master commissioner to make the sale. The master made the sale and executed a deed to the purchaser. We can perceive no ground upon which the appellant can successfully maintain this collateral attack. The validity of the deed having been expressly adjudicated, title was taken from the appellant, and if it were conceded that the decree directing a sale was erroneous, it would not profit her, for a collateral attack can not impeach the validity of a decree of the Federal court, in a case where it has jurisdiction, although the record abounds in errors. The forum in which to secure redress for errors committed by the Federal court is not that chosen by the appellant.

The special finding states that the appellant was a party to the suit instituted by Wolf, and she is bound by the decree, although she was not formally defaulted. The failure to enter a default against her does not render the decree void ; at most, it is a mere irregularity, and it is doubtful whether it would be available even in a direct attack, and certainly is not on a collateral one.

But, if we are wrong in holding that Mrs. Woolery is bound by the decree, it is still clear that she can not maintain this action. If there were no decree at all in the case, and the deed was nothing more than a mortgage, her only right would be that of redemption. *Kissel* v. *Eaton,* 64 Ind. 248. We are, however, clearly of the opinion that she is bound by the decree, for the special finding states that she was a party to the suit, and the presumption is that she was duly served with process. *Horner* v. *Doe,* 1 Ind. 130; *Dwiggins* v. *Cook,* 71 Ind. 579; *Crane* v. *Kimmer,* 77 Ind. 215, p. 219.

Judgment affirmed.

Filed March 16, 1887.