Filed Oct. 17, 1889.

---

### No. 13,001.

### QUICK v. BRENNER.

MORTGAGE.—Foreclosure.—Res Adjudicata.—Where a widow seeks to have her one-third interest in the realty of her deceased husband set off to her in severalty, or, failing in that, to be allowed to redeem from a mortgage executed by the husband before his death, the theory of the existence of the mortgage having been adopted, a judgment awarding the partition is not an adjudication of the right of the holders of the mortgage to foreclose.

From the Hamilton Circuit Court.

A. F. Shirts and G. Shirts, for appellant.

F. M. Trissal, T. J. Kane and T. P. Davis, for appellee.

BERKSHIRE, J.—This case is an offshoot from the case of Brenner v. Quick, 88 Ind. 546, and Quick v. Brenner, 101 Ind. 230.

The present action is to foreclose a mortgage executed by Conrad M. Brenner, the former husband of the appellee

Catherine Brenner, and who is his widow, anterior to his marriage with her, to secure several promissory notes executed by the said Conrad M. Brenner to one Christian Baston. The said notes and mortgage were executed on the 9th day of September, 1854, and the last of said notes to fall due matured March 20th, 1857. This action was brought on the 2d day of May, 1885.

Several answers and replies were filed, and the case having been put at issue was tried by the court, and a finding made for the appellees.

The appellants moved the court for a new trial, which the court overruled, and they excepted. Judgment was then rendered for the appellees.

The appellants assign several errors and the appellees one cross-error.

The cross-error is not well assigned. The sufficiency of one of several paragraphs in a complaint can not be questioned for the first time by the assignment of error in this court; but, as the conclusion we have reached must result in a new trial of the case, we do not feel that it is improper for us to say that we regard each paragraph of the complaint as stating a cause of action.

Of the several errors assigned by the appellants their counsel only refer to three of them in their brief; this is a waiver as to the others. These are, error of the court in overruling the demurrer to the fourth paragraph of answer ; error committed by the court in overruling the appellant's demurrer to the seventh paragraph of answer; and error committed ·by the court in overruling the motion for a new trial.

Our conclusion as to the two first named of these errors renders it unnecessary that we should consider the one last named. The two may properly be considered together. The fourth and seventh paragraphs of answer are in the nature of pleas of estoppel by record.

We do not care to spend much time in giving our reasons for the conclusion to which we have arrived, which is that

both the fourth and seventh paragraphs of answer are bad, and the demurrers thereto should have been sustained. These paragraphs are quite lengthy, and especially the fourth paragraph. Among other things it contains copies of the pleadings and judgment in the former action.

The facts stated show very clearly the right of subrogation in the appellants, and that their right to foreclose the mortgage was not adjudicated or determined in the former action; it could not have been in the very nature of things. The appellee Catherine Brenner brought the action to settle her title to the one undivided third of the real estate which she claimed by inheritance from her deceased husband, and demanded partition, and that her one-third be set off to her in severalty, and in case she was not entitled to such relief, then she asked for an accounting, and that she be allowed to redeem from the mortgage sued on in this action.

The court sustained her claim to one-third of the real estate independent of any right to an accounting and redemption, and she recovered judgment for one-third of the real estate, and her one-third was set off to her in severalty. Her theory, from the commencement of the action to the final judgment, was that there had never been a foreclosure of the mortgage, and that she was the legal owner of an undivided one-third of the real estate, and entitled to partition, and this theory of the case was adopted by the court, and she obtained judgment accordingly.

The law will not permit parties first to blow hot and then to blow cold. The widow having adopted the theory stated above, and followed it through to final judgment, will not thereafter be permitted to assume that the action was prosecuted upon some other theory, and as she will not be permitted so to do, neither will her privy in estate.

Judgment reversed, with costs, and with instructions to the court below to grant a new trial and to sustain the demurrers to the fourth and seventh paragraphs of answer.

Filed Oct. 17, 1889.