Jones v. Vert et al.

No. 13,875.

## JONES v. VERT ET AL.

FORMER ADJUDICATION.—*Vendor's Lien.*—*Action to Foreclose.*—*Mortgage.*—
*Prior Foreclosure Suit.*—*Pleading.*—*Answer.*—In an action against the
heirs of a decedent to foreclose a vendor's lien for unpaid purchase-
money, the answer alleged a prior suit,—the plaintiff and the defendants
in the present action being made parties thereto, the plaintiff appearing
and setting up the vendor's lien,—to foreclose a mortgage covering the
real estate against which the vendor's lien is now sought to be enforced,
a judgment adverse to the plaintiff in the foreclosure suit, and a de-
cree quieting defendants, title against all the parties to the suit except
the mortgagee, whose mortgage, upon his cross-complaint, was fore-
closed.

*Held,* that the answer did not show a good defence of former adjudication
as against the holder of the vendor's lien.

SAME.—*Foreclosure.*—*Judgment.*—*Upon Whom Conclusive.*—*Parties.*—A judg-
ment in a foreclosure suit, or in a suit to quiet title, is conclusive of any
claim or title adverse to the plaintiff in that case, as against all who were
made parties; but those who were strangers to the controversy in which
the judgment was rendered are not precluded from again bringing the
same matter in contest.

SAME.—*How Limited.*—*Parties and Privies.*—In actions *in personam*, the
doctrine of former adjudication is limited to parties to the issue on
which the judgment was pronounced and privies. The party who in-
vokes the doctrine of former adjudication must be one who tendered to
the other an issue to which the latter could have demurred or pleaded.

SAME.—*Co-Defendants.*—*Issue with Plaintiff.*—*Judgment.*—*Effect of.*—Where
one of two defendants makes an issue with the plaintiff, a judgment
settling the issue so made in favor of the defendant does not determine
the question between the co-defendants.

From the Hamilton Circuit Court.

*W. Garver, F. B. Pfaff, R. R. Stephenson* and *W. R. Fertig,*
for appellant.

*J. I. Little* and *D. W. McKee,* for appellees.

MITCHELL, J.—This was an action by Sally D. Jones
against John Vert, and others, heirs of William Vert, de-
ceased, to enforce and foreclose a vendor's lien on real estate

for unpaid purchase-money due the plaintiff from the estate of William Vert.

The defence was predicated upon the following facts which were set up by way of answer : In 1885, Sophia Sterne commenced a suit in the Hamilton Circuit Court to foreclose a mortgage theretofore ·executed by William Vert and wife, covering the real estate against which the plaintiff was seeking to enforce a vendor's lien. The plaintiff, as well as the defendants in the present action, was made a party defendant to the foreclosure suit. The plaintiff appeared to the action and answered, setting up the lien which she is now seeking to enforce. It is alleged that the court gave judgment against Sophia Sterne in the foreclosure suit, and also entered a decree quieting the title of the defendants to the real estate described in the complaint against all the parties to the suit except John W. Hannah, who held a mortgage on the land which, upon his cross-complaint, was foreclosed. The foregoing facts were held to constitute a good defence of former adjudication as against the appellant, Mrs. Jones.

The facts pleaded fall far short of making a good defence.

It is undoubtedly true that a judgment in a foreclosure suit, or in a suit to quiet title, is conclusive of any claim or title adverse to the plaintiff in that case, as against all who were made parties ; and this is so whether the adverse interests, or titles, of the defendants are specially set up or not. *Adair* v. *Mergentheim,* 114 Ind. 303 ; *Barton* v. *Anderson,* 104 Ind. 578.

But this rule applies only between parties, and others in privity with them, and does not preclude those who were strangers to the controversy in which the judgment was rendered from again bringing the same matter in contest. " It is generally put in the books that the plaintiff must be not only the same person, but he must be suing in the same right." *McBurnie* v. *Seaton,* 111 Ind. 56.

In actions *in personam,* the doctrine of former adjudication is limited to parties and privies ; and by parties will be un-

derstood parties to the issue on which the judgment was pronounced. The party who invokes the doctrine of former adjudication must be one who tendered to the other an issue to which the latter could have demurred, or pleaded. *Harvey* v. *Osborn*, 55 Ind. 535.

Where one of two defendants makes an issue with the plaintiff, a judgment settling the issue so made in favor of the defendant does not determine the question between co-defendants. *Leaman* v. *Sample*, 91 Ind. 236; *Gipson* v. *Ogden*, 100 Ind. 20.

" The thing demanded must be the same, the demand must be founded upon the same cause of action, the demand must be between the same parties and found by them against each other in the same quality." Wells Res Adjudicata, section 14.

Ordinarily, four things must concur before the principles of *res adjudicata* can be invoked : 1. A suit. 2. A final judgment. 3. Identity of subject-matter. 4. Identity of parties. The facts pleaded show that all these elements were absent, except the judgment. *State, ex rel.,* v. *Page,* 63 Ind. 209.

There was no suit between the present plaintiff and defendants, no cross-bill having been filed. *Quick* v. *Brenner,* 120 Ind. 364. The subject-matter in litigation was different, and the parties were not the same. The defendants in the foreclosure suit might possibly have put the validity of the vendor's lien in issue by filing a cross-complaint. *Woolery* v. *Grayson,* 110 Ind. 149. This does not appear to have been done, and we can not presume that it was. There does not seem to have been any issue tendered or made, between the defendants. In short, there does not appear to have been any suit pending between them. Any judgment, therefore, that the court may have pronounced, which purported to settle any title, or claims, between the defendants, was *coram non judice*, and void. *McFadden* v. *Ross,* 108 Ind. 512; *Griffin* v. *Wallace,* 66 Ind. 410.

The judgment is reversed, with costs.

The death of the appellant having been suggested, it is hereby ordered that the judgment be reversed as of the date of the submission of this cause.

