## Young et al. *v.* Stevens et al.

[No. 3,997. Filed April 10, 1902.]

**Judgment.**—*Principal and Surety.*—*Mortgages.*—The payee of a note brought suit thereon against the principal and sureties, and also against the holder of a mortgage executed by the principal, to have the mortgage declared fraudulent and void as against creditors. The sureties were defaulted, and judgment was given plaintiff against the principal and sureties on the note, but the mortgage was held valid and foreclosed on the holder's cross-complaint. The sureties paid the judgment on the note, and brought suit for the recovery of the amount so paid and to have

the mortgage judgment declared fraudulent and void as to creditors. *Held,* that the sureties were bound by the adjudication thereof in the former action.

From Wayne Circuit Court; *H. C. Fox,* Judge.

Suit by Martin L. Young and others against Thomas B. Stevens and others for the recovery of money paid as sureties, and to set aside a mortgage as fraudulent against creditors. From a judgment for defendants, plaintiffs appeal. *Affirmed.*

*M. E. Forkner* and *T. J. Study,* for appellants.

*S. C. Whitesell, R. A. Jackson* and *H. C. Starr,* for appellees.

Robinson, P. J.—Suit by appellants for a money judgment and for a decree adjudging a mortgage fraudulent.

In 1893 appellee Stevens, with appellants Young and Roth as his sureties, executed to William B. Barefoot his promissory note. In 1897 Stevens mortgaged certain lands to appellee Kerlin. Barefoot afterwards brought suit on the Stevens note against Stevens as principal and Young and Roth as sureties, and against Kerlin to have the Stevens mortgage to him declared fraudulent and void as to Stevens' creditors. Young and Roth were defaulted. Stevens and Kerlin answered, and Kerlin filed a cross-complaint against Barefoot and Stevens asking a foreclosure of his mortgage. Judgment was given Barefoot against Stevens, Young and Roth on the note; against Barefoot as to the validity of the mortgage, and a decree of foreclosure against Stevens and Barefoot rendered in Kerlin's favor. Afterwards, Barefoot's judgment on the note not having been paid, Young and Roth executed their promissory note to Barefoot for the amount of the judgment, and the same was satisfied of record. Young and Roth bring this suit against Stevens and wife, and Kerlin, asking a recovery of the money they paid as sureties for Stevens, on the Barefoot judgment, and that the Stevens mortgage to Kerlin be decreed fraudulent and void as to creditors of Stevens. The above facts are shown by

the complaint and Kerlin's answer, and present the question as to what extent Young and Roth were bound by the judgment in Kerlin's favor and against Barefoot as to the validity of the Stevens mortgage to Kerlin.

Young and Roth were sued in the Barefoot suit as sureties for Stevens. Had they been sued as joint obligors with Stevens no equitable relief to set aside the mortgage to Kerlin could have been asked without showing that there was no legal remedy against any of the joint obligors. *Eller* v. *Lacy,* 137 Ind. 436. And in the complaint in this action they aver that Stevens having failed to pay the Barefoot judgment, "and the same remaining wholly unpaid, these plaintiffs, as sureties as aforesaid, for said Thomas B. Stevens, did, on the 24th day of April, 1899, pay, satisfy and discharge said judgment by the execution of their promissory note to said William Barefoot," etc.

Independently of the statute, a surety having paid the debt has the right to be subrogated to the rights of the judgment creditor and to use the creditor's judgment to coerce payment by the principal. Such payment by the surety is in the nature of a purchase from the creditor and operates as an equitable assignment giving to the assignee such rights as the creditor had. *Thomas* v. *Stewart,* 117 Ind. 50, 1 L. R. A. 715 ; *Downey* v. *Washburn,* 79 Ind. 242 ; *Manford* v. *Firth,* 68 Ind. 83. And under the statute, §§1226, 1228 Burns 1901, where a judgment is taken against the parties as joint makers of a note, the sureties may, in a subsequent suit, notwithstanding the form of the judgment, establish the fact of their suretyship. And after they have paid the judgment they may have their suretyship tried and determined and have execution on the original judgment. *Zimmerman* v. *Gaumer,* 152 Ind. 552 ; *Montgomery* v. *Vickery,* 110 Ind. 211 ; *Scherer* v. *Schutz,* 83 Ind. 543.

It is true Young and Roth assumed a liability at the time they became sureties on the note to Barefoot, and in that sense they were creditors of Stevens. It is also true that

they were not parties to the issue on the mortgage in the Barefoot suit. But it can not be said they were strangers to the controversy. They could, when sued as sureties, have had that fact determined, and when judgment was taken against all the parties who signed the note, and Young and Roth were adjudged sureties, they might then have attacked the validity of the mortgage. *Barns* v. *Sammons,* 128 Ind. 596. The purpose of such action on their part would have been to enforce the Barefoot indebtedness against Stevens. But this identical subject-matter was litigated by the creditor who sued these appellants as sureties. They might have litigated that question themselves. The creditor did litigate it, and these appellants would necessarily get the benefit of his suit. Had the creditor succeeded in having the mortgage declared invalid, these appellants, having had their suretyship adjudged, could have paid the judgment against the principal debtor, and through the original judgment could have levied on the mortgaged land. And in such case Kerlin would not have had the right to try again, as against appellants, the question of fraud or good faith in the execution of the mortgage.

In this action appellants are suing, not simply as creditors of Stevens, but as sureties who have paid a certain judgment debt against Stevens. They ask a new judgment against Stevens, it is true, not because they are simply creditors, but because, as sureties, they paid a certain judgment debt for him. The note was merged in the judgment, and they seek now to establish a right based upon the judgment and its payment by them as sureties. They could have asked that their suretyship be established and that they have execution under the original judgment rendered in favor of the original judgment creditor. But whether they pursue this course, or ask a new judgment as they have, the result will be the same, because in either event they must derive whatever rights they acquire through the original judgment

which they claim they paid as sureties for the judgment debtor. But whether they proceed directly under the original judgment or indirectly through a new judgment their rights will be no greater than those given by the original judgment. Just as a common law judgment creditor might obtain a writ on the judgment, or he might bring suit on the judgment and obtain a writ on the new judgment, but it would be limited in its effect to the incidents attaching to the original judgment.

Appellants, seeking to establish a right because of having paid a judgment as sureties, must claim through and under that judgment. The statute manifestly intended that sureties who pay a judgment debt shall have the same rights as the judgment creditor. Had appellants purchased the judgment and taken an assignment to themselves they could have acquired no greater rights than the judgment creditor had. Having paid the judgment as sureties, and seeking in that capacity to be reimbursed, they are subrogated to the rights of the judgment creditor. Claiming through him they can not succeed to any greater rights than he had. There is no authority for saying that when they seek to be reimbursed as sureties through a new judgment, they have any greater rights than if seeking to be reimbursed as sureties through an execution under the original judgment. In either case they seek to be reimbursed as sureties, and as such they can not have, under the statute, greater rights than those of the principal judgment creditor.

Judgment affirmed.