## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 29 2019, 8:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
| --- | --- |
| David Pannell<br>Greencastle, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana |
| | Natalie F. Weiss<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
| --- | --- |
| David Pannell,<br>*Appellant-Defendant*,<br><br>v.<br><br>Bessie Leonard,<br>*Appellee-Plaintiff*. | March 29, 2019<br><br>Court of Appeals Case No.<br>18A-PL-1684<br><br>Appeal from the LaPorte<br>Superior Court<br><br>The Honorable Richard R.<br>Stalbrink, Jr., Judge<br><br>Trial Court Cause No.<br>46D02-1801-PL-111 |

**Brown, Judge.**

[1] David Pannell appeals the trial court's order dismissing his complaint. He raises one issue which we revise and restate as whether the court erred in granting the motion to dismiss filed by Bessie Leonard. We affirm.

*Facts and Procedural History*

[2] On January 24, 2018, Pannell filed a complaint in the LaPorte Superior Court titled "Plaintiff's State 42 U.S.C. § 1983 Civil Complaint." Appellant's Appendix Volume II at 6-9. On February 6, 2018, Pannell filed an amended complaint requesting "damages, declaratory judgment, and TRO and preliminary injunction relief, alleging that Defendant violated his right to 'access to the courts' under the Fourteenth Amendment to the United States Constitution." *Id.* at 13. He asserted that Leonard, a correctional employee and a supervisor of the prison law library, deliberately violated his right to access the courts and prevented him from filing a motion in the district court or the Seventh Circuit resulting in the dismissal of his appeal by the Seventh Circuit.

[3] On March 5, 2018, Leonard filed a notice of removal to federal court. On March 6, 2018, the United States District Court for the Northern District of Indiana entered an order which states:

> David Pannell, a prisoner without a lawyer, filed this case in the LaPorte Superior Court. The Defendant removed it to this court because it included a federal claim. It was her right to do so. *See* 28 U.S.C. § 1441. However, Pannell cannot litigate in this court because he is a restricted filer. *See Pannell v. Neal*, Case No. 17-

1573 (7th Cir. April 11, 2017). Therefore it is impossible for this case to proceed in this court.

The defendant cannot be made to litigate a federal claim in State court if she chooses to remove it. However, the restriction which precluded Pannell from litigating civil cases in this court did not preclude him from litigating State claims in State court. These competing interests can be accommodated by dismissing the federal claims and remanding the State claims back to State court.

For these reasons, the federal claims are **DISMISSED WITHOUT PREJUDICE** and the remaining State claims are **REMANDED** to the LaPorte Superior Court in 46D02-1801-PL-111.

*Id.* at 32.

[4] On April 5, 2018, Leonard filed a motion to dismiss pursuant to Trial Rule 12(B)(6) in the LaPorte Superior Court. Leonard alleged that the action must be dismissed because there were no state claims to remand and that Pannell admitted there were no state claims in his motion to reinstate.[1] On April 20, 2018, the LaPorte Superior Court granted Leonard's motion to dismiss without prejudice.

[5] On May 16, 2018, Pannell filed a second amended complaint titled "Plaintiff's Amended State 42 U.S.C. § 1983 Civil Rights Complaint" and again asserting "damages, declaratory judgment, and TRO and Preliminary Injunction Relief,

---

[1] The record does not include a copy of Pannell's motion to reinstate.

alleging that [Leonard] violated his right to 'Access To the Courts' under the Fourteenth Amendment to the United States Constitution." *Id.* at 35. He asserted that the LaPorte Superior Court "has jurisdiction over [his] claim of Federal Constitutional Rights under 42 U.S.C. §§ 1331 and 1343(3) and (4)." *Id.*

[6] On May 30, 2018, Leonard filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted pursuant to Trial Rules 12(B)(1) and (6). On June 7, 2018, the court granted the State's motion and dismissed the matter with prejudice.

## *Discussion*

[7] Although Pannell is proceeding *pro se*, such litigants are held to the same standard as trained attorneys and are afforded no inherent leniency simply by virtue of being self-represented. *Zavodnik v. Harper*, 17 N.E.3d 259, 266 (Ind. 2014) (citing *Matter of G.P.*, 4 N.E.3d 1158 (Ind. 2014)). This Court will "not become an advocate for a party, or address arguments that are inappropriate or too poorly developed or expressed to be understood." *Basic v. Amouri*, 58 N.E.3d 980, 984 (Ind. Ct. App. 2016), *reh'g denied*.

[8] The issue is whether the trial court erred in granting the motion to dismiss filed by Leonard. "We review de novo the trial court's grant or denial of a motion based on Indiana Trial Rule 12(B)(6)." *Bd. of Comm'rs of Union Cty. v. McGuinness*, 80 N.E.3d 164, 167 (Ind. 2017) (quoting *Caesars Riverboat Casino, LLC v. Kephart*, 934 N.E.2d 1120, 1122 (Ind. 2010)). "In so reviewing, 'we look

at the complaint in the light most favorable to the plaintiff, with every inference drawn in its favor, to determine if there is any set of allegations under which the plaintiff could be granted relief.'" *Id.* (quoting *King v. S.B.*, 837 N.E.2d 965, 966 (Ind. 2005)). "A dismissal under Trial Rule 12(B)(6) is improper unless it appears to a certainty that the plaintiff would not be entitled to relief under any set of facts." *Id.* "[W]e review *de novo* a trial court's ruling on a motion to dismiss under Trial Rule 12(B)(1) where the facts before the trial court are undisputed." *GKN Co. v. Magness*, 744 N.E.2d 397, 401 (Ind. 2001).

[9] Pannell argues that the United States District Court for the Northern District of Indiana erroneously dismissed his complaint. Without citation to the record, he asserts that "the trial court relied 'solely' upon the defendant's assertion that '[b]ecause the district court dismissed without prejudice pursuant to Mack Order,[2] there is no claim pending before this Court[']; and, the district court's 'Order.'" Appellant's Brief at 19. He argues that Leonard failed to carry her burden "of establishing that the LaPorte Superior Court 'lacked subject-matter' to hear [his] 'constitutional claims' which were 'dismissed without prejudice' by the district court." *Id.* at 20. He also contends that Leonard cannot sustain her burden of proof that his constitutional claims are barred by the doctrine of res

---

[2] Pannell cites *Support Systems Int'l., Inc. v. Mack*, which addressed repetitive filings and the cumulative effect in clogging the processes of the court and in burdening judges and staff to the detriment of litigants having meritorious cases. 45 F.3d 185, 185 (7th Cir. 1995).

judicata. Leonard responds that Pannell failed to provide any alleged violation of a state law.

[10] To the extent Pannell challenges the order of the United States District Court for the Northern District of Indiana, this Court will not review it. *See Woolery v. Grayson*, 110 Ind. 149, 150, 10 N.E. 935, 936 (1887) (noting that it cannot be doubted that the state courts have no power to review, in any manner, the decisions of the federal court). Pannell does not point to any state law claim in his complaints or to any state authority supporting his claim or develop a cogent argument demonstrating any error in the trial court's order. Under these circumstances, we cannot say that the trial court erred in granting Leonard's motion to dismiss.

## *Conclusion*

[11] For the foregoing reasons, we affirm the trial court's dismissal of Pannell's complaint.

[12] Affirmed.

May, J., and Mathias, J., concur.