McBurnie *v.* Seaton *et al.*

No. 12,408.

Filed May 19, 1887.

No. 12,044.

## McBurnie *v.* Seaton et al.

JUDGMENT.—*Conclusiveness of.*—*Parties.*—Judgments are presumptively only conclusive against parties in the character in which they sue or are sued.

SAME.—*Estoppel.*—*Former Adjudication.*—The estoppel of a judgment is only presumptively conclusive where it appears that the suit and the issues were of such a character that the judgment could not have been rendered without deciding the particular matter again brought in question.

ESTOPPEL.—*Former Adjudication.*—*Pleading.*—*Answer.*—*Parties.*—*Mortgage.* —*Foreclosure.*—*Judgment.*—An answer to a complaint, in an action brought by the widow of the mortgagee to foreclose a mortgage given to secure

certain promissory notes, payable to such mortgagee, which alleges that the payee and mortgagee in his lifetime, describing himself as the guardian of certain minor heirs named, instituted a foreclosure suit in the proper court, on the identical notes and mortgage, against the defendants, and that such proceedings were had in that behalf that upon the issues duly joined therein there was a finding and judgment for the defendants, but which does not allege that the merits of the case as to the plaintiff individually were in some way involved in the issues and determined by the prior judgment, is bad on demurrer.

From the Crawford Circuit Court.

*N. R. Peckinpaugh* and *W. T. Zenor,* for appellant.

*B. P. Douglass, J. L. Suddarth* and *S. M. Stockslager,* for appellees.

MITCHELL, J.—Elizabeth J. McBurnie brought this suit against John Seaton and wife to foreclose a mortgage. It appeared in the complaint that Seaton became indebted to William J. McBurnie, in his lifetime, to the amount of seven hundred and fifty dollars. This indebtedness was secured by four notes, payable to McBurnie, and signed by Seaton. The notes were secured by a real estate mortgage, signed by Seaton and wife.

After the death of McBurnie, which is alleged to have occurred in 1880, the notes and mortgage were regularly set off to his widow, who brought this suit.

The defendants answered that on the 15th day of September, 1878, William J. McBurnie, describing himself as guardian of the minor heirs of William J. Fields, deceased, instituted a foreclosure suit on the identical notes and mortgage, in the Crawford Circuit Court, against Seaton and wife, and that such proceedings were had in that behalf as that, upon issues duly joined, there was a finding and judgment for the defendant. Prayer that the plaintiff be held estopped, as by a former ajudication.

After the overruling of a demurrer to this answer, the plaintiff replied in substance, that the prior action was prosecuted by William J. McBurnie solely in the character of

guardian of the minor heirs of William J. Fields; that the defendants in that action answered certain items of indebtedness, amounting to $168, owing by William J. McBurnie, in his individual capacity, to John Seaton, and that the court, at the former hearing, did not hear any evidence, or consider or determine any questions, except such as related to the one subject, and that was whether or not William J. McBurnie, as guardian, in his trust capacity, could maintain a suit to recover on the notes and mortgage.

It was averred that the court gave judgment against the plaintiff solely on the ground that he had no right so to maintain the suit, and that the merits of the case were in nowise involved in the pleadings further than the set-off of $168, heretofore mentioned, and that they were in nowise considered or determined therein.

This reply was held insufficient, and judgment was given against the plaintiff.

As it appeared upon the face of the answer that William J. McBurnie sued in the character of guardian, it was necessary, in order to have made a good plea of estoppel by former adjudication, that it should have been averred that the merits of the case, as to the plaintiff individually, were in some way involved in the issues and determined by the prior judgment. The notes, on their face, were payable to William J. McBurnie. A suit by the payee, as guardian, did not necessarily involve the merits of the case so as to determine his right to recover in his individual capacity.

The general rule has often been recognized by this court, the effect of which is, that judgments are presumptively only conclusive against parties in the character in which they sue or are sued. *Lord* v. *Wilcox*, 99 Ind. 491; *Erwin* v. *Garner*, 108 Ind. 488; *Bumb* v. *Gard*, 107 Ind. 575; Freeman Judgments, sec. 156.

The estoppel of a judgment is only presumptively conclusive where it appears that the suit and the issues were of such a character that the judgment could not have been

rendered without deciding the particular matter again brought in question. *Packet Co.* v. *Sickles,* 5 Wal. 580.

Doubtless, issues might have been so framed in the suit by McBurnie as to have involved his right to recover either as guardian or in his individual capacity. In the absence of averments showing that his individual rights were so involved and determined, no such presumption would be indulged.

The demurrer to the answer was, therefore, improperly overruled. That the court below still more certainly erred in holding the reply insufficient, follows necessarily from what has preceded. The reply set up affirmatively that the previous action involved only the rights of McBurnie, as guardian, and not his individual rights.

The judgment is reversed, with costs.

Filed May 19, 1887.