## MAJENICA TELEPHONE COMPANY v. ROGERS.

[No. 6,362.    Filed February 18, 1909.]

1. APPEAL.—*Term-Time.—Defective Bond.—Appearance.—Effect.*—Where an appeal bond is defective or wanting, and the appellee files a brief upon the merits, the appeal will not be dismissed, but will be considered a vacation appeal.    p. 307.

2. APPEAL.—*Bond.—Defects.*—An appeal bond which omits the name of the surety in the body thereof, and which is not signed by the appellant, is sufficient.    p. 307.

3. INJUNCTION.—*Erection of Telephone Line Upon Plaintiff's Land.—Cessation After Suit.—Damages.*—Where a telephone company threatened to stretch its wires over plaintiff's land, without right, but failed to do so, after suit was brought, the plaintiff has a right to an injunction and nominal damages.    p. 309.

4. TRIAL. — *Evidence. — Variance. — Injunction. — Telephones.* —Where a complaint alleged that defendant telephone company had stretched its wires, without right, over plaintiff's land, and the proof showed that the poles were set, but the wires were not strung, there is no material variance, and an injunction was proper.    p. 310.

5. TELEGRAPHS AND TELEPHONES.—*Invading Private Lands.—Statutes.*—Section 5796 Burns 1908, Acts 1903, p. 204, giving telephone companies, operating outside of cities and towns, the free use of the highways, and providing that they shall not obstruct ingress to nor egress from, any premises, does not authorize a company to invade private land for the purpose of stretching wires over it.    p. 310.

6. EVIDENCE.—*Intention.—Telephone Companies.—Injunction.*—In a suit to restrain a telephone company from stretching its wires over plaintiff's land, testimony by a director, of the intention of the company, unsupported by any acts of the company, was properly excluded.    p. 310.

7. INJUNCTION.—*Stretching Telephone Wires Over Plaintiff's Land.—Evidence.—Inferences.*—Where the evidence showed that defendant telephone company dug a hole in which to set a telephone pole, in such a position that the wires if strung thereon would necessarily pass over plaintiff's land, and plaintiff filled the same, the defendant shortly after reopening same in the work of constructing its line, the court's inference of a threatened invasion of plaintiff's rights is warranted.    p. 312.

8. APPEAL.—*Harmless Error.—Nominal Damages.*—Questions concerning evidence of substantive damages will not be considered on appeal, where only nominal damages were awarded, and where plaintiff was entitled thereto.    p. 312.

From Huntington Circuit Court; *James C. Branyan,* Judge.

Suit by Clinton Rogers against the Majenica Telephone Company. From a decree for plaintiff, defendant appeals. *Affirmed.*

*M. L. Spencer* and *W. A. Branyan,* for appellant.
*Fred H. Bowers* and *Milo Feightner,* for appellee.

MYERS, J.—It is suggested by counsel for the appellee that the appeal herein should be dismissed because the bond for the appeal in terms did not contain the name of the surety in the body thereof, and was not signed by the appellant, the judgment defendant, but by the surety alone. If the bond could be regarded as insufficient to perfect an appeal in term, the full appearance of the appellee by the filing of his brief upon the merits of the cause would be sufficient to give this court jurisdiction of his person, and the appeal would be treated as one taken in vacation. *Hazelton* v. *De Priest* (1896), 143 Ind. 368; *McKinney* v. *Hartman* (1896), 143 Ind. 224; *Loucheim* v. *Seeley* (1896), 151 Ind. 665. But the omission suggested did not render the bond ineffective. *Supreme Council, etc.,* v. *Boyle* (1896), 15 Ind. App. 342, 345; *Shroyer* v. *Simons* (1896), 14 Ind. App. 631; *Opp* v. *Ten Eyck* (1885), 99 Ind. 345; *Stults* v. *Zahn* (1889), 117 Ind. 297; *Hinkle* v. *Holmes* (1882), 85 Ind. 405.

A special finding was rendered, and the appellant assigns that the court erred in its conclusions of law upon the facts found and in overruling its motion for a new trial.

The suit was one for an injunction and for damages. The court found, in substance, that the appellee was the owner in fee simple of a certain parcel of land in Huntington county. A public highway extending east and west adjoined this land on the north and a public highway running north and south adjoined it on the east side. The appellant, a corporation, maintaining and operating a rural telephone

system, and having a franchise, granted by the commissioners of the county, authorizing it to construct its lines on these highways, through its authorized agents and employes, without obtaining the permission of appellee, and without notifying him, dug a hole four or five feet deep at a point one foot east and eight feet south of the northeast corner of said land, within the limits of said highway running north and south, for the purpose of locating a telephone pole at that point. The digging of the hole exposed a four-inch tile which drained appellee's premises. The tile was slightly broken by appellant's workmen, but was repaired so that the injury did not affect its use. The next day, and before any pole was erected in this excavation, the appellee filled the hole with dirt, and at the same time notified one of appellant's managers that he was opposed to the erection of a pole at that point, for the reason that the wires placed thereon and connected with the pole erected on the other side of the premises would cross over his grounds, passing near his house, over his barn, and above a pear tree in his front yard. Said manager at that time admitted to appellee that the company intended thus to maintain its wires across said premises. Whereupon appellee notified said manager that he would not suffer the line so to be maintained. Five days later the appellant, through its manager and workmen, returned, and without appellee's knowledge or consent reopened said hole and placed therein a telephone pole eight inches in diameter and twenty-eight feet in height above the soil, to which they were about to attach a telephone wire, to be stretched to the next pole erected by the company, and over appellee's premises, through his front yard, ten feet in front of his house, in which he and his family lived, over a pear tree, and above the roof of his barn. At this stage of the proceedings appellee begun this suit to enjoin appellant from so erecting its wires and for damages. After this suit was commenced appellant changed its plan of erecting its line at that point, changed said pole

and line so as not to interfere with appellee's premises, and "there is now no objection to the telephone line as there placed by the defendant on the new route." The court further found that at the time of the bringing of this suit there was good reason for believing that the appellant was attempting to erect the line so as to cross over and above appellee's premises in the manner before described, but that "there was no very material injury done" appellee by what was actually done, and that the threatened injury "has been wholly obviated by the change made by the defendant since the commencement of this suit."

The court stated as its conclusions of law that the appellee should recover his costs in this suit, and $1 damages, "and that the company should be allowed to maintain its telephone line where it is now situated."

No opposition was offered or contemplated by the appellee to appellant's proposed use of the highway, and as the case terminated the appellant was left free to make such use of the highway as was first intended, and to which appellee had acquiesced. Preparations had been made for conducting the telephone line outside of the limits of the highway and within the adjoining premises of the appellee, and had been carried into effect to the extent of the erection of poles in such situations that the wires connecting them would cross over appellee's premises. After the commencement of the suit appellant removed one of the poles and erected it at another point, thereby causing the wires to pass along the highway, so that at the time of the trial the condition against which appellee objected had been remedied to the satisfaction of both parties. If at the commencement of the 3. suit a cause of action existed in favor of the appellee for the threatened infringement of his rights in process of accomplishment, he was entitled to the judicial affirmation of that right by the award of nominal damages and costs. The findings support the conclusions of law.

The appellant insists that the decision should have been

in its favor, for the reason that the complaint, after showing
the purpose for which the poles were erected, alleged
that the wires had been stretched upon them, while
the evidence established, as shown by the findings,
that the actual work of constructing the line across the ap-
pellee's premises had progressed only so far as the erection
of the poles, and that the wires had not yet been strung
upon them. This state of the record cannot be regarded as
a material variance in the proof, nor is it a case of failure to
prove the general scope and meaning of the allegations of
the complaint. It was only necessary for the appellee to
establish by proof such facts alleged in his complaint and
existing at the time of the commencement of the suit as en-
titled him to some definite recovery. *Hartwell Bros.* v.
*Peck & Co.* (1904), 163 Ind. 357; *Johnson* v. *McNabb*
(1893), 7 Ind. App. 393; *City of Huntington* v. *Menden-
hall* (1881), 73 Ind. 460.

Reference is made in appellant's brief to the absence of
any showing that there was interference with ingress to and
egress from the appellee's premises, counsel presum-
ably having reference to the provision of our statute
(Acts 1903, p. 204, §5796 Burns 1908) forbidding
such interference. That statute purports to authorize the
erection and maintenance of telephone appliances on public
roads, highways and waters of this State, outside of cities
and incorporated towns, and the prohibition mentioned re-
lates to telephone lines constructed under its provisions.
The statute does not even purport to authorize the invasion
of land adjoining a highway for the purpose of stringing
wires above it in any event, consequently the objection is
without merit.

At the time the suit was commenced there had been no
actual invasion of the premises. After the suit was begun
upon the order of the directors passed at a meeting
of the board, the appellant, as shown by the evidence,
removed the pole in question to such a position that

the wires, when strung therefrom to the next pole in the line, would not pass over appellee's premises. Upon the trial of the cause the principal matter of contest was whether the poles, erected before the commencement of the suit, on which wires were to be strung, stood in the same place they did at the time of the trial. A witness for the appellant, having testified that he was a director of the company, was asked, while testifying in chief, "whether the company, either by direction of the directors or otherwise, contemplated going across the land belonging to the plaintiff with any wires at any time?" The court sustained the appellee's objection to this question. Another witness, who was the local manager of the construction work and had the care of the line, had previously been permitted, over the appellee's objection, to testify on behalf of the appellant, that it was not his intention to stretch a wire over the appellee's premises; and after the objection to the question put to the director had been sustained, another witness, who was the appellant's secretary and treasurer, and who had been delegated by the board of directors to look after the work of the extension of lines and to have the manager of the work give instructions with regard to the work, was permitted, over the objection of the appellee, to testify that he knew of no intention on the part of the appellant to stretch a telephone line across the appellee's land. Whether there was error in these admissions of testimony is not a question before us for decision. It is apparent that the court made a distinction between witnesses having authority to direct and control the work and the witness who had no connection therewith, except as a member of the board of directors. It was not a case of refusing to permit a party, whose intention was involved, to testify as to his own intention in the doing of an act. It was a refusal to permit one not a party to testify as to the intention of a party. The question did not call for pertinent acts, declarations or orders done and made in the exercise of competent authority, and

of such character as would indicate to the court what the purpose of the company was in the premises, but it called upon the witness to state his own deductions and conclusions, possibly from such pertinent facts and possibly from mere hearsay, and thus to decide upon the effect of what, if presented to the court, might have been seen to be competent evidence for its consideration, or might have been seen to be wholly incompetent evidence on which to base a conclusion of value in the case. So, aside from any question as to the propriety of admitting evidence of a prior unannounced intention of the corporation, there was no error in the ruling excluding the evidence. *City of Columbus* v. *Dahn* (1871), 36 Ind. 330; *Bidinger* v. *Bishop* (1881), 76 Ind. 244; *Pittsburgh, etc., R. Co.* v. *Noftsger* (1897), 148 Ind. 101; *Shockey* v. *Mills* (1880), 71 Ind. 288, 36 Am. Rep. 196.

From the evidence of conduct in the record the court could draw the inference which the appellee drew, and which impelled him in the bringing of the suit; that

7. is to say, when the suit was instituted the appellant was about to invade appellee's premises, and would have done so but for the bringing of the suit.

There was some evidence apparently directed to the question as to the amount of damages. The objection thereto need not be examined, as manifestly it had no influ-

8. ence in the finding, and therefore, if erroneous, was harmless. There was no error in overruling the motion for a new trial.

Judgment affirmed.