## PAUL ET AL. *v.* BARNBROOK ET AL.

[No. 8,425. Filed October 15, 1914. Rehearing denied December
23, 1914. Transfer denied April 23, 1915.]

1. EVIDENCE.—*Parol Evidence.—Judgment.—Questions Concluded.*
   —Where the record, including the pleadings, is clear and un-
   ambiguous, it is the best evidence of what was adjudicated and
   is conclusive, but where it is ambiguous, parol proof may be heard
   to determine what was actually tried and determined. p. 611.
2. INJUNCTION. — *Temporary Restraining Order. — Dissolution.—
   Costs.*—Where a temporary order restraining the payee of certain
   notes not due from transferring the same to an innocent holder
   before maturity was issued on a complaint seeking injunctive
   relief and the cancellation of the notes, and prior to submission
   of the cause on the question of injunction the notes had ma-
   tured, a dissolution of the restraining order was required at the
   cost of defendant, if it appeared that at the time the suit was
   filed, he was in fact about to transfer such notes to cut off a
   meritorious defense thereto, otherwise at plaintiff's costs. p. 612.
3. APPEAL.—*Review.—Presumptions.*—Where the evidence is not
   in the record, the court on appeal may assume any possible evi-
   dence within the issues consistent with the judgment. p. 612.
4. APPEAL.—*Record.—Matters Adjudicated.—Evidence.*—Where the
   record as to what was determined in a suit is ambiguous, the ques-
   tion must be determined in the light of the facts shown by the
   record supplemented by any competent evidence. p. 613.
5. BILLS AND NOTES.—*Action to Cancel and Enjoin Transfer.—
   —Trial.—Issues.—Question Adjudicated.*—Where plaintiffs sought

the cancellation of notes and to have defendant enjoined from transferring them to innocent holders before maturity, and defendant answered in general denial, and filed a cross-complaint seeking recovery on the notes, to which cross-complaint plaintiffs answered by setting up substantially the same facts as alleged in the complaint, the court could properly try and determine the right to injunctive relief without determining the merits of the case; and since a trial of plaintiff's right to a cancellation involved a consideration of all the questions pertaining to the merits of the case, the failure of the court to require a trial of the issues presented on the cross-complaint, together with the fact that a change of venue was granted after judgment dissolving the temporary restraining order, makes clear that the court's finding that the restraining order should be dissolved embraced the only question determined, although the record of submission showed that the cause was submitted on questions of injunction and cancellation of notes. pp. 613, 614.

6. JUDGMENT. — *Conclusiveness.* — *Matters Concluded.* — The judgment of a court is only presumptively conclusive as a former adjudication when it appears that the action and issues were of such character that the judgment could not have been rendered without deciding the particular questions again presented. p. 614.

From Wabash Circuit Court; *A. H. Plummer,* Judge.

Action by Frank G. Barnbrook and others against William S. Paul and others. From a judgment for plaintiffs, this appeal is prosecuted. *Affirmed.*

*C. W. Watkins, C. A. Butler* and *D. F. Brooks,* for appellants.

*Fred W. Bowers* and *Milo N. Feightner,* for appellees.

FELT, C. J.—On September 4, 1905, appellees filed their verified complaint in the Huntington Circuit Court against appellants, William S. Paul and Charles Poorman, and the Citizens State Bank, asking that Paul and Poorman be restrained from selling or transferring certain promissory notes executed by appellees to Paul and Poorman, until notice of a hearing on the application for a restraining order could be given, and that upon such hearing a temporary injunction be issued and that upon final trial the notes be ordered cancelled.

The averments of the complaint as far as material to the questions presented show that appellees, Barnbrook, as principal, and Peigh and Trainer as sureties, executed certain negotiable promissory notes, one to appellant Paul for $50 due October 1, 1905, and one to appellant Poorman for $175 due October 1, 1906, in payment for a certain threshing machine; that the machine was warranted to do good work and the purchasers relied on the representations which were false; that the machine would not do the work for which it was purchased and which it was warranted to do; that Paul and Poorman, if not restrained by the court, would transfer the notes to an innocent purchaser for value in order to prevent them from making defense thereto; that they could not give notice of the hearing for a temporary restraining order, because Paul and Poorman would transfer the notes before such notice could be given. After the issuance of a temporary restraining order without notice, appellees filed a second and further paragraph of complaint in which substantially the same facts are alleged as in the first paragraph and in addition thereto, special damages are alleged. Issues were joined on the paragraphs by answer in general denial by both appellants and a separate answer of denial by appellant Paul, who also filed a cross-complaint in which he avers ownership of the notes and prays a recovery thereon with attorney's fees.

On January 14, 1908, appellees answered the cross-complaint by a plea of warranty and failure of consideration, which answer contains substantially the same facts as those set up in the second paragraph of complaint, and in addition thereto shows that Paul was notified of the defective condition of the machine and knew of its defective condition and refused to take it back or to replace it. Prayer that appellants take nothing by their cross-complaint and that the notes be cancelled and that appellee, Barnbrook,

have judgment for his costs and $1,000 damages. The appellants filed reply in general denial to the answers.

The record entry of March 24, 1908, contains the following: "Come the parties, by counsel, and the issues being joined this cause is now submitted to court for trial, without the intervention of a jury, on questions of injunction and cancellation of notes described in plaintiff's complaint." The record under date of April 21, 1908, shows the following entry in the proceedings in said cause: "the court, having heretofore taken this cause under advisement, now finds for the defendants and that the restraining order herein should be dissolved. It is therefore considered and adjudged by the court that the restraining order heretofore issued in the cause, be and the same is hereby dissolved," and that the defendants recover costs.

After the rendition of the aforesaid judgment, a change of venue was taken to the Wabash Circuit Court, where appellant, Paul, filed a separate reply in general denial to appellees' answer to his cross-complaint. Upon the issues thus formed, a jury trial was had, resulting in a verdict in favor of appellees. Appellant, Paul, filed his motion for a new trial which was granted.

On February 23, 1911, appellee, Peigh, filed a separate answer to the cross-complaint of Paul, setting up his suretyship on the notes, and alleging that he was induced to sign them by fraudulent representations of Paul, which representations were substantially the same as those contained in the original complaint. He also averred that by reason of the worthlessness of the machine appellee, Barnbrook, was unable to pay the notes and each of them when they severally came due, and prayed for judgment against cross-complainant for his costs. On the same day, appellant, Paul, filed an amended reply to the answer of all the defendants to the cross-complaint and to the separate answer of said Peigh, in which he averred former adjudication of all matters set up in the answers to his cross-complaint. Upon the issues

so formed, the cause was tried by a jury which found for appellees, and returned with its verdict answers to certain interrogatories. Over appellant Paul's motion for a new trial, judgment was rendered on the verdict as follows: "It is, therefore, considered and adjudged by the court that the plaintiffs do have and recover of and from the defendants their costs and charges in this behalf laid out and expended."

When the suit was filed on September 4, 1905, and the temporary restraining order issued, the notes were not due, but one of them fell due on October 1, 1905, and the other on October 1, 1906. The judgment dissolving the temporary restraining order was rendered on April 21, 1908, long after the maturity of the notes. The record shows that the cause was submitted to the Huntington Circuit Court for trial "on questions of injunction and concellation of notes described in plaintiff's complaint". The court found for the appellants "that the restraining order herein should be dissolved" and adjudged "that the restraining order heretofore issued in this cause be and the same is hereby dissolved", but said nothing about cancellation of the notes. The language of the submission, the finding and the judgment make it clear that the issues presented by the cross-complaint were not tried or determined by the Huntington Circuit Court and also that the temporary restraining order previously issued was dissolved. The judgment itself deals only with the temporary restraining order and the question of the costs of the trial in the Huntington Circuit Court, while the language of the submission indicates that the question of cancellation of the notes was submitted to the court. The record is therefore ambiguous with reference to what was actually tried and determined by the Huntington Circuit Court. Where the record, including the pleadings,

1. is clear and unambiguous, it is the best evidence of what was adjudicated and is conclusive, but where it is ambiguous, parol proof may be heard to determine what was actually tried and determined. *Mitten* v. *Caswell-Run-*

*yan Co.* (1913), 52 Ind. App. 521, 528, 99 N. E. 47, and cases cited.

There is no dispute that the notes were past due at the time of the trial and rendition of the judgment in the Huntington Circuit Court. The theory of the complaint on which the restraining order was issued was that the notes were not due and that the payees, if not restrained, would transfer them before maturity to innocent purchasers for value and thereby deprive the makers of their defense of warranty and failure of consideration. If as alleged in the complaint, the notes were not due when the suit was begun and the temporary restraining order obtained, and the payees were in fact about to transfer them to cut off a meritorious defense, but when the court tried the issue to determine whether the temporary restraining order should be dissolved or made permanent, the notes were past due and there was no longer any possibility of the makers of the notes being deprived of such defense by their transfer, the plaintiffs would be entitled to recover their costs, but the restraining order should be dissolved for the reason that the cause justifying such extraordinary remedy had ceased to exist. *Majenica Tel. Co.* v. *Rogers* (1909), 43 Ind. App. 306, 309, 87 N. E. 165. The evidence is not before us and therefore we are warranted in assuming any possible evidence within the issues that will be consistent with the judgment of the Huntington Circuit Court. If upon the trial in the Huntington Circuit Court, the evidence showed that at the time the suit was begun and the temporary restraining order issued, the payees of the notes were not intending or threatening to transfer them to innocent purchasers, and at the time of the hearing, the notes were past due, then it is apparent that there was no cause for the issuance of the restraining order in the first instance, and that no defense could be lost by their subsequent transfer, and that the court should in such event dissolve the temporary restraining order and

adjudge the costs on that issue against the plaintiffs as was done in this case.

It appears from the record that evidence was heard at the last trial to determine whether the questions pertaining to the merits of the controversy were tried and determined by the Huntington Circuit Court and that the finding was to the effect that such questions were not then tried and adjudicated. As already indicated there is sufficient ambiguity in the record to warrant proof *de hors* the record to determine what was in fact adjudicated, and where this is the case, the question is to be determined in the light of the facts shown by the record, supplemented by the facts proven by any competent evidence. *Nickless* v. *Pearson* (1891), 126 Ind. 477, 489, 26 N. E. 478. The nature of the issues presented by the pleadings were such that the court could very properly try and determine the question of the plaintiff's right to an injunction, without determining the merits of the case. In the case of *Adair* v. *Mergentheim* (1888), 114 Ind. 303, 16 N. E. 603, Mitchell, C. J., in speaking of the application of the rule of *res adjudicata* said: "In application of these general rules regard must be had, however, to the nature and purpose of the proceeding in which the judgment, the effect of which is in question, was rendered."

The record in this case is clear and definite that the court did not try and determine the issues presented by the cross-complaint of the appellants and the answers thereto. It is also plain that to have determined the appellees' right to a cancellation of the notes involved a consideration of all the questions pertaining to the merits of the case. If the Huntington Circuit Court had tried the phase of the merits of the controversy brought into the case by the complaint, it would in all probability have required the parties to try the issues relating to the merits of the same controversy presented by the cross-complaint. Furthermore, it appears from the record that shortly after the rendition of the judg-

ment dissolving the temporary restraining order, appellees filed their affidavit for a change of venue from the county, which was granted by the court without objection or exception by appellants. It is, therefore, apparent that at that time the trial court and all the parties to the suit regarded the case as yet untried on the merits, for it is not probable that the court would have granted a change of venue in a case it had finally disposed of upon the merits of the controversy. Nor, is it at all likely that a party in whose favor such judgment had been rendered would have failed to, in some way, put into the record his objection to such change of venue.

The judgment of a court is only presumptively conclusive when it appears that the suit and the issues were of such a character that the judgment relied upon to show 6. former adjudication of the questions involved in the issues could not have been rendered without deciding the particular questions again presented by the issues of the case under consideration. *McBurnie* v. *Seaton* (1887), 111 Ind. 56, 58, 11 N. E. 101; *Dygert* v. *Dygert* (1892), 4 Ind. App. 276, 280, 29 N. E. 490. The issues in this 5. case were such that the questions relating to the injunction could very properly be tried and determined without a trial of the case upon its merits and this is what the finding shows was actually done. From our examination of the record itself, aside from the finding as to what was adjudicated by the Huntington Circuit Court, we have no doubt that the finding is true, and the record, as already shown, does not clearly show an adjudication by the Huntington Circuit Court upon the merits of the controversy.

Judgment affirmed.

NOTE.—Reported in 106 N. E. 425. As to elements necessary to conclusiveness of judgment in another action, see 8 Am. St. 229. See, also, under (1, 4) 17 Cyc. 578; (2) 22 Cyc. 1008; (3) 3 Cyc. 275; (6) 23 Cyc. 1290.