HAYNES *v.* STROH ET AL.
[No. 14,840. Filed January 24, 1935.]

*R. S. Emerick,* for appellant.

*Arkinson & Husselman,* and *Howard W. Mountz,* for appellees.

KIME, J.—Suit was brought by appellee, Stroh, against appellant and appellee, Smith, to recover damages for the death of Stroh's minor son, whose death was alleged to have resulted by reason of the negligence of appellant, Haynes, and his employee, appellee Smith. To the complaint there was filed a general denial by both of the defendants. The cause was submitted to a jury for trial, which returned a verdict in the sum of $1,000.00 upon which judgment was rendered against both defendants. Following a motion for a new trial this appeal was prosecuted, properly assigning as error the overruling of the motion for a new trial, because the verdict was not sustained by sufficient evidence and that it was contrary to law.

The evidence discloses that Smith was employed by Haynes to commence work at about 3:00 o'clock A. M. During the winter time Smith commenced his work at this hour by going to a garage in the city of Auburn and securing a truck, which he drove to his employer's place of business, whereupon he harnessed horses, delivered milk in the city of Auburn and then took the truck in question and collected milk throughout the countryside. His day ordinarily ended about 3:00 o'clock P. M. with the feeding of the horses.

Sometime prior to the date of the accident, namely, May 7th, 1928, they had ceased keeping the truck in the garage, because it was no longer necessary to do so on account of cold weather and the car was then kept at the home of the appellant. It was not a part of the appellee Smith's duty to take the car from the appel-

lant's home to his place of business, but it was appellee's duty to report directly to the barns where horses were kept for the purpose of harnessing them for the day's work.

On the day of the accident, which was Sunday, appellee Smith had finished his day's work around 2:00 o'clock P. M. and had driven this truck for his own convenience only and without his employer's knowledge or consent and parked it in front of the rooming house where he lived, and where the truck was at the time of the collision. It appears that appellee's (Stroh) minor son was riding a motorcycle along the street on which this truck was parked between 10:00 and 11:00 o'clock P. M. and ran into the rear end of the truck, which collision eventually caused his death. It is well settled that where an employee, either with or without the consent of the owner of a vehicle, uses such vehicle for purposes of his own, when not on regular duty, and an injury to another results by reason of his negligence the owner of such vehicle is not liable. *Fisher* v. *Fletcher* (1922), 191 Ind. 529, 133 N. E. 384.

There is no direct evidence nor is there any evidence from which an inference may be drawn that the employer knew or should have known that the employee was using this car at this particular time for his own purpose or that the employee had so used this car in the immediate past to the knowledge or with the consent of the owner or under such circumstances that the owner knew or should have known that the car was being so used.

The verdict against Arthur J. Haynes is not sustained by sufficient evidence and is contrary to law.

The judgment of the DeKalb circuit court is, as to Arthur J. Haynes, reversed with instructions to sustain his motion for a new trial.