NOWACKI ET AL. *v.* MOLENDA.

[No. 15,531.   Filed November 26, 1935.]

*George W. Sands,* for appellants.

*J. Wilfred Niemiec,* for appellee.

DUDINE, J.—This is an appeal from an award of the Industrial Board denying appellants compensation as dependents of Theodore Nowacki, deceased, son of ap-

pellants Frank and Blanche Nowacki, and brother of the other appellants.

Theodore Nowacki was employed by appellee to work in and about appellee's grocery store, and to deliver merchandise to appellee's customers, in a truck furnished by appellee. On the morning of June 18, 1934, he started on his delivery route at a usual hour, and before he returned to the store he became involved in an automobile accident, resulting in injuries to him, which caused his death ten days later.

The Industrial Board found "that the death of the said Theodore Nowacki was not due to any accidental injury arising out of or in the course of his employment with the defendant."

Appellants assign as error that the award is contrary to law.

The propositions and points stated in appellants' brief attack the award on the grounds that the award is not sustained by sufficient evidence, and that the award is contrary to the principles of law applicable to the case.

In determining such contentions we need to consider only the evidence which is favorable to the award. *Haskell, etc., Car Co.* v. *Brown* (1917), 67 Ind. App. 178, 117 N. E. 555; *The John C. Groub Co.* v. *Brock* (1932), 94 Ind. App. 346, 180 N. E. 923. If there is any competent evidence in the record, or if legitimate inferences can be drawn from the evidence, which sustain the finding of the board, its award should not be reversed. *Carr et al.* v. *Krekeler, Gdn.* (1932), 94 Ind. App. 508, 181 N. E. 526.

There is evidence in the record which shows that decedent "picked up" a friend while making his deliveries; that he finished the deliveries about 11:00 o'clock; that he and his friend proceeded with the truck about six or seven blocks further away from his employer's place to do something, which the

friend declined to disclose, but which, the friend testified, was not the employer's business, but was his (Theodore's) business; that they "took a ride" to a point about a mile further away from the employer's place of business; that the accident happened on the return to Theodore's home from the "ride"; that at the time Theodore was going home to dinner. The place of the accident was about four blocks further away from the employer's place of business than the place of the last delivery.

Appellant cites *Fleeger* v. *Nicholson Bros.* (1934), 100 Ind. App. 103, 192 N. E. 844. That case is authority for affirming the award in this case. In that case the award was reversed on the ground that the undisputed evidence showed that the employee was engaged in the business of his employer at the time of his fatal accident. In that case this court said, "The controlling question before the board is: Was Fleeger engaged in the business of his employers at the time of the accident?"

We hold that the evidence referred to amply sustains the finding, which the Industrial Board presumably made, that Theodore was not engaged in the business of his employer at the time of the accident; and therefore we hold that the evidence sustains the finding of the Industrial Board, and that the award is not contrary to law.

Award affirmed.