NEYENHAUS *v.* DAUM, ADMINISTRATOR ET AL.

[No. 15,453. Filed April 20, 1936.]

*Austin B. Corbin, Fenton, Steers, Beasley & Klee,* for appellant.

*L. N. Savage, N. B. Ewing* and *D. C. Goble,* for appellees.

WIECKING, J.—This was an action below by the appellee John F. Daum, administrator of the estate of Irvin Daum, deceased, against the appellant, John Neyenhaus, and the appellee, Roscoe Bolin, to recover for the wrongful death of Irvin Daum alleged to have been occasioned by the collision of an automobile, in which the decedent was riding as a guest, with an Overland truck owned by the appellant but which was being operated by the appellee Roscoe Bolin and at the time of the collision was parked along side of a public highway in Perry County, Indiana. The re-amended complaint was in one paragraph, to which both defendants filed separate answers in general denial. Trial was had before a jury which returned a verdict for the plaintiff and against both defendants in the sum of $2,450. Judgment for the plaintiff was rendered upon the verdict. Separate motions for new trial were filed by each defendant and overruled by the court. The appellant then prayed an appeal to this court assigning as error the action of the trial court in overruling his motion for new trial. His co-defendant Roscoe Bolin did not join in the appeal and was named as an appellee by appellant. He has not appeared or filed any briefs in his behalf. Reference hereinafter made to the appellee therefore will refer only to John F. Daum, Administrator, who was the plaintiff below.

The appellant's motion for new trial assigned, among others, three grounds which are presented by the briefs in this cause, the other grounds being expressly waived by the appellant. These three grounds present that the verdict of the jury is contrary to law and that the evidence is not sufficient to sustain the verdict.

The complaint of the appellee in this cause proceeds upon the theory of negligence in parking the truck in

question upon the traveled portion of a highway without lights at a time of day when, under the laws of the State of Indiana, lights should have been displayed on the truck. While there is some conflict in the evidence as to the actual time the accident occurred and the position of the truck on the highway at the time of the accident, there is evidence in the record to support the verdict of the jury upon that question and this court will not weigh the evidence.

The other question presented by the briefs in this case is as to the liability of the appellant for the alleged negligent parking of the truck by Bolin. The only theory upon which appellant can be held liable in damages is upon the doctrine of *respondeat superior*.

The evidence upon this question discloses that the defendant Bolin was employed by one Monus Neyenhaus, the father of appellant, as a farm laborer. It was also shown that he had worked for the appellant in a mine at various times. On the day of the accident Bolin went to the home of appellant in Cannelton and while there the appellant requested him to take the truck in question and transport a sister of appellant and some other parties to the home of his father and also to take some potatoes to the farm for Monus Neyenhaus. Bolin then took the truck and the potatoes and the three persons and proceeded to the Monus Neyenhaus farm. They spent the day at the farm and late in the afternoon Bolin drove the truck back to appellant's home in Cannelton, returning with him to that place all the parties whom he had taken to the farm in the morning. Bolin then drove the truck to a store operated by Henry Heck and finding no one there, then drove out to his father's home to get a clean shirt. At that place he parked the truck on the road and the accident occurred. There is no dispute in this case that appellant was the owner of the motor truck involved in the accident, but this fact

standing alone is not sufficient to warrant the jury in returning a verdict against him. The evidence clearly indicates that Bolin had finished any work he might have been authorized to do for the appellant before the accident occurred and at that time was engaged on his own affairs. The evidence shows only that Bolin was authorized to take some potatoes and certain people to the farm of appellant's father even when such evidence is viewed in the light most favorable to the appellee. That duty was completed when he returned to Cannelton in the evening returning his passengers and the truck to the point from which he started in the morning. The evidence wholly fails to support the allegations of the appellee's complaint on the relationship of master and servant between the appellant and Bolin at the time of the collision and injury to appellee's decedent. Neither the purpose for which Bolin was using the truck at the time of the collision nor the previous instructions given Bolin by appellant was sufficient to warrant the jury in reaching the conclusion that Bolin was in the employ of appellant at the time of the collision. *Haynes* v. *Stroh et al.* (1935), 99 Ind. App. 595, 193 N. E. 721; *Fisher* v. *Fletcher* (1922), 191 Ind. 529, 133 N. E. 834. See also *Nowacki et al.* v. *Molenda* (1935), 101 Ind. App. 165, 198 N. E. 465. The verdict of the jury is not sustained by the evidence and is contrary to law.

The judgment of the Perry Circuit Court as to the appellant John Neyenhaus is reversed with directions to grant appellant's motion for new trial and for further proceedings not inconsistent with this opinion.