John Parker GARDNER, Plaintiff-Appellant,

v.

NATIONAL DAIRY PRODUCTS CORPO-RATION, a Corporation, Defendant-Appellee.

No. 15441.

United States Court of Appeals Sixth Circuit.

April 18, 1964.

Argued by Robert M. Odear, Lexington, Ky., Stoll, Keenon & Park, Lexington, Ky., Robert Ford, Jr., Owenton, Ky., on brief for appellant.

Argued by Richard Bush, Jr., Lexington, Ky., Harbison, Kessinger, Lisle & Bush, Lexington, Ky., on brief for appellee.

Before WEICK, Chief Judge, O'SUL-LIVAN, Circuit Judge, and McALLIS-TER, Senior Circuit Judge.

WEICK, Chief Judge.

This appeal is from an order of the District Court granting defendant's motion for summary judgment. The action was one to recover damages for personal injuries sustained by plaintiff arising out of a collision between his automobile and a truck alleged to have been operated by an employee of defendant named Charlie Moore. The grounds on which the District Judge granted summary judgment were that (1) Moore was an independent contractor and (2) if he was considered

as an employee, he was not in the course of his employment at the time of the accident.

The evidence before the District Court consisted of affidavits, exhibits and depositions. Moore had a written contract with defendant whereby he agreed to haul cans of milk in his truck from farmer-producers on Route H to the Kraft Foods Division plant of defendant at Owensboro, Kentucky, and was paid a hauling rate of 50 cents per hundred pounds payable every two weeks. He was required to unload the cans numerically. He was further required by the contract to transport the milk in a safe and sanitary manner using all reasonable means to prevent spoilage and to comply with applicable sanitation and safety regulations of public authorities.

The contract was assignable. Moore was not bound personally to perform it, but could and did on occasions employ others. The contract could be terminated by either party on 30 days notice after the expiration of 90 days from the date of the agreement. It stated the intent of the parties was that Moore should be considered as an independent contractor and not an employee.

The company furnished facilities at its plant whereby Moore could wash his truck and also use the company washroom. Moore returned empty cans to the farmers and also delivered defendant's checks to them in payment for milk. He had the right to solicit additional farmers along the same route to sell their milk to defendant.

At the time the accident took place, Moore had made his deliveries for the day and was driving his truck home. He "had in his possession no checks, merchandise, or other items for delivery to any party or parties."

The fact that the contract was assignable and could be performed by others is certainly inconsistent with a master-servant relationship. It provided no right of control over the details of the work and no substantial control was exercised. The fact that Moore permitted defendant to place advertising decals on his truck with the legend "Kraft Foods" does not militate against the independent contractor relationship. The same is true with respect to permitting Moore to wash his truck at the company's plant, use of its toilet facilities and assisting him to obtain a loan on his truck from a bank.

■ We think the District Court was correct in ruling as a matter of law that the contract and the conduct of the parties under it established an independent contractor relationship. Mason and Hogue Co., et al. v. Highland, 116 S.W. 320 (Ky.); Sam Horne Motor & Implement Co. v. Gregg, 279 S.W.2d 755, 53 A. L.R.2d 626 (Ky.); Turner v. Lewis, 282 S.W.2d 624 (Ky.).

Appellant relies on Sanford v. Goodridge, 234 Iowa 1036, 13 N.W.2d 40 (Iowa) which had facts which distinguish it from the case at bar. Some of these facts were later characterized by the Supreme Court of Iowa as being sufficient "to sustain a finding the entire contract under consideration was a subterfuge." Schlotter v. Leudt, 123 N.W.2d 434 at 439. This was not true in the case at bar.

■ Even if Moore was considered an employee of defendant instead of as an independent contractor, we think under Kentucky law he was not in the course of his employment when he was driving his truck home from work. Cf. Kuerner v. National Cash Register Co., 43 F.Supp. 62 (W.D., Ky.).

There was no genuine issue of fact. The District Court was justified in granting summary judgment.

Affirmed.