Betty V. Pace, Admx. *v.* Peter Couture and Southern Express Company.

[No. 270A26, 27, 28. Filed December 13, 1971. Rehearing Denied January 6, 1972.]

*George W. McCain, David N. Gilyan,* of Gary, *William Fred Troutman,* of Hobart, for appellants.

*Daniel F. Kelly, Tinkham, Beckman, Kelly and Singleton,* of Hammond, *Frederick H. Link,* of LaPorte, *Patrick Brennan,* of South Bend, for appellees.

STATON, J.—This is an appeal from the granting of a summary judgment to the appellee-defendant, Southern Express Company. The summary judgment was rendered in the LaPorte Circuit Court by the the Honorable Alban M. Smith, Judge.

Peter Couture was the owner of a tractor which he leased to the Southern Express Company. The lease provided among other things that "During the period of this lease, said vehicle and driver shall be solely and exclusively under the direction of the lessee." It further provided that "In the event the Lessor is employed by the Lessee as a driver of equipment owned or leased by the Lessee said Lessor shall be deemed an employee of the Lessee; . . ." Under the provisions of the lease Peter Couture was to furnish license plates and other emblems or stickers at his own expense. He had to bear the expense of servicing and maintaining the tractor as well as hiring competent drivers. He had to comply with all the state and federal employment laws and to pay all fines and penalties assessed because of the operation of the tractor. It was Peter Couture's duty under the lease to provide insurance coverage at his own expense for liability coverage when the vehicle was "driven for any other purpose than the business of the Lessee."

Peter Couture while operating his tractor under the above described lease, delivered a trailer load of material to the Southern Express terminal in Cicero, Illinois, on Friday, May 14, 1965. He spent Friday night sleeping in his tractor. The next morning, Saturday, May 15, 1965, he waited at the Cicero terminal for another trailer load until about noon. The dispatcher for Southern Express Company told him that there would not be another load available for him and that he could "bobtail" it home to South Bend, Indiana. Peter Couture left

the Cicero, Illinois, terminal for his home in South Bend, Indiana, without any trailer or load attached to his tractor. East-bound on Highway 20 in Indiana, he lost control of the tractor and collided head-on with the Pace automobile. Betty V. Pace was seriously injured. Her son, Floyd V. Pace, Jr., and her mother, Velma Becker, were killed. Peter Couture had not insured his tractor ". . . for any other purpose than the business of the lessee."

Betty Pace was appointed administratrix of her son's estate on July 9, 1965. On November 9, 1966 she filed suit against the Southern Express Company in the United States District Court for the Northern District of Indiana. No other suits were filed for or in behalf of anyone else at this time. Later, May 5, 1967, suits were filed against Southern Express Company in the LaPorte Circuit Court by the following:

Betty V. Pace, as Administratrix of the Estate of Floyd V. Pace, Jr., Deceased, Plaintiff;

Betty V. Pace, as Administratrix of the Estate of Velma Becker, Deceased, Plaintiff;

Floyd Pace Sr., and Betty Pace, husband and wife, Plaintiffs.

Southern Express Company filed a motion for summary judgment and a brief in the action filed by Betty Pace as administratrix of her son's estate in the United States District Court. This summary judgment was based upon the pleadings, the answers to plaintiff's request for admission, the lease, and the deposition of Peter Couture. No response was ever made by Betty V. Pace, as Administratrix of the Estate of Floyd V. Pace, Jr., to this motion for summary judgment. Four months after the motion for summary judgment was filed by Southern Express Company, Betty V. Pace filed a motion to dismiss her complaint without prejudice, stating: "Defendant will not be prejudiced in any substantial right by a dismissal of the complaint." Twelve days later, Southern Express Company filed its objections to Betty V. Pace's motion

to dismiss. The United States District Court on May 1, 1968 entered its order denying the motion to dismiss and sustaining the motion for summary judgment filed by the Southern Express Company. This adjudication of the United States District Court was appealed to the United States Court of Appeals for the 7th Circuit and affirmed. *Betty V. Pace, as Administratrix of the Estate of Floyd V. Pace, Jr., Deceased* v. *Southern Express Company*, 409 F. 2d 331 (7th Cir. 1969).

Thereafter, on April 8, 1969, the Southern Express Company filed its motion for summary judgment with supporting briefs in the LaPorte Circuit Court where three additional law suits were pending based upon the same motor vehicle collision. Southern Express Company filed additional supplemental affidavits on October 2, 1969. The LaPorte Circuit Court entered its judgment ruling in favor of Southern Express Company on its motion for summary judgment and filed in addition thereto its "Memorandum Decision in Support of Order Granting Motion of Defendant, Southern Express Company, for Summary Judgment", which stated the reasons of the court for granting summary judgment. Omitting the caption and formal parts, the memorandum reads as follows:

"The defendant, Southern Express Company, filed a motion for summary judgment in the above-captioned case based upon the fact that at the time of the collision in question, the owner and operator of the tractor was not the agent of or carrying out the business of defendant, Southern Express Company, but was on his own personal business. This Court granted the motion of defendant, Southern Express Company, for summary judgment for the following reasons:

The pleadings, affidavits, and depositions in this case show that Peter Couture was the owner of the tractor which was involved in the collision. It is claimed that the negligent operation of this tractor caused the accident and the alleged damages of the plaintiff. Couture had leased the tractor which he owned to defendant, Southern Express Company, which operates a business as a common carrier, and the lease, which is attached to defendant's motion for summary judgment as exhibit 'A' provided that the lessor (Couture)

was to furnish license plates and other emblems or stickers at his own expense; that the lessor should service and maintain the vehicle at his own expense; that lessor should hire competent drivers and comply with all state and federal employment laws; that lessor should pay all fines and penalties assessed because of the operation of the vehicle; and that lessor should provide coverage at his own expense for liability coverage when the vehicle is 'driven for any other purpose than the business of the lessee.'

In his deposition, the owner and driver of the vehicle, Peter Couture, testified that he was the owner of the Diamond T Tractor; that he maintained his tractor at his own expense; that he paid for his own gas; that he sometimes hired other persons to drive his truck for him; and that he was compensated by a percentage of each load carried.

Peter Couture, the lessor, testified that he delivered a load to the Southern Express Company terminal at Cicero, Illinois on Friday night, May 14, 1965. He spent the night sleeping in his tractor. He waited for a load on Saturday morning until about noon, at which time he was told that there would be no load available and he then left for his home in South Bend, Indiana, to spend the weekend with his family. He did not plan to return to the Cicero, Illinois terminal for another load until Monday, May 17, 1965. He left the terminal in his own tractor and he was not pulling any trailer. Moreover, he stated that he was not being paid by Southern Express Company while on the trip at the time of the accident.

On the basis of the foregoing facts, the issue presented to this court was whether the defendant, Southern Express Company, was liable for the negligence of Couture under circumstances where the said Couture was not acting within the course and scope of his employment at the time of the accident and not acting under the direction, supervision or control of defendant, Southern Express Company, at the time of the accident.

It is well settled and the universal rule that the lessor must have been operating within the course and scope of his employment with the lessee in order for the lessee to be held liable under the theory of respondeat superior or agency. To state it another way, the cases hold that the lessor must have been on the lessee's business at the time the accident occurred in order for the lessee to be liable on the basis of respondeat superior. *Wilcox* v. *Transameri-*

*can Freight Lines, Inc.,* 371 F. 2d 403 (6th Cir. 1967); *Gudgel* v. *Southern Shippers, Inc.,* 387 F. 2d 723 (7th Cir. 1967); *Stevens* v. *Deaton Truck Line,* 54 So. 2d 464 (Ala. 1951); *Kirtland* v. *Interstate Motor Freight System,* 5 N. E. 2d 707, 53 Ohio App. 459 (1936).

It is also a general and universal rule that a person driving to or from work is not within the scope of his agency or employment while he is traveling to and from his employment. *Haynes* v. *Stroh,* 99 Ind. App. 595, 193 N. E. 721 (1935); *Marion Trucking Company* v. *Byers,* 121 Ind. App. 592, 97 N. E. 2d 635 (1951); *North Side Chevrolet, Inc.* v. *Clark,* 107 Ind. App. 592, 25 N. E. 2d 1011 (1940); *Neyenhaus* v. *Daum,* 102 Ind. App. 136 [106], 1 N. E. 2d 281 (1936); and *Gardner* v. *National Dairy Products Corporation,* 330 F. 2d 507 (6th Cir. 1964).

On the basis of the foregoing facts which are undisputed and the foregoing authorities, this Court is of the opinion that the defendant, Southern Express Company, is entitled to summary judgment on the ground that the driver of the vehicle, Peter Couture, was not acting as its agent at the time the accident occurred.

A second reason for granting the motion for summary judgment in this case is the fact that the District Court for the Northern District of Indiana, Hammond Division, sustained a motion for summary judgment filed by defendant, Southern Express Company, in the case filed by Betty V. Pace, as Administratrix of the Estate of Floyd J. Pace, Jr., deceased, against Southern Express Company arising from the same accident on the basis of the same authorities cited in this memorandum opinion. This decision of the District Court sustaining the motion of defendant, Southern Express Company, for summary judgment was affirmed by the Court of Appeals in the case of *Betty V. Pace, as Administratrix of the Estate of Floyd V. Pace, Jr., Deceased* v. *Southern Express Company,* 409 F. 2d 331 (7th Cir. 1969), where the court said:

' * * * In addition, the district court was cognizant that there were three related state court suits filed five months after this suit and still pending in the Circuit Court of LaPorte County, Indiana. The district court therefore concluded:

'Defendants should not be harassed by multiple suits. Plaintiff had ample opportunity to show that there are justiciable issues involved, but has failed to make such a showing. For

that reason, it is only fair that this litigation be disposed of in a manner that will protect the defendant against future litigation.'

As revealed by plaintiff's Exhibits D, E, and F and its brief here, the three Indiana causes of action were identical to this, and it would be unfair to permit plaintiff to press them when it has failed to develop any material issue for trial in its earlier-filed federal court case. Since plaintiff failed to show that an issue of fact remained as to whether Couture was on defendant's business when the accident occurred, defendant was entitled to a judgment which would preclude continued litigation on the same issue in any other court.

The decision of the Court of Appeals on the issue of agency is an adjudication of this issue in this case and constitutes an absolute basis for summary judgment in favor of defendant, Southern Express Company, as well as a collateral estoppel against the plaintiffs.' "

The appellant-plaintiff, Betty V. Pace, as Administratrix of the Estate of Floyd V. Pace, Jr., filed her petition in this Court to consolidate all three causes of action pending before the trial court into one cause of action for the purpose of appeal. The petition was granted.

The questions presented upon appeal are:

1) Did the United States Court of Appeals for the 7th Circuit properly apply Rule 12 (b) of the Public Service Commission of Indiana?

2) Is the lessee's liability under Rule 12 (b) greater than that of an owner?

3) Does the adjudication by the United States Court of Appeals for the 7th Circuit upon the questions raised in Betty V. Pace, as Administratrix of the *Estate of Floyd V. Pace, Jr.,* v. *Southern Express Company* constitute as against all pending actions in the LaPorte Circuit Court " * * * an absolute basis for summary judgment in favor of defendant, Southern Express Company, as well as a collateral estoppel against the plaintiffs * * *," as stated by the LaPorte Circuit Court at the end of its memorandum?

4) Did the LaPorte Circuit Court commit reversible error when it granted summary judgment for the reasons given?

Question number one must be answered in the affirmative and question number two in the negative. Question number three is answered in the negative except as to Betty V. Pace, as Administratrix of the Estate of Floyd V. Pace, Jr., Deceased. As to question number four, we hold that the LaPorte Circuit Court did not commit reversible error in sustaining the Southern Express Company's motion for summary judgment as to all three pending suits.

Rule 12 (b) of the Public Service Commission of Indiana, Burns Indiana Administrative Rules and Regulations, § (47-1215)-2 (b), was properly applied by the United States Court of Appeals for the 7th Circuit. In its opinion written by Judge Cummins, the court stated that:

"To avoid summary judgment, plaintiff relies on Rule 12 (b) of the Public Service Commission of Indiana:

'Lease of Equipment by and to Carriers. The leasing of equipment to a common and/or contract carrier shall result in the complete control of the equipment by said carrier as lessee. The motor carrier to which the vehicle is leased shall for the term of the lease be deemed the operator thereof and the terms of the lease shall indicate that said lessee motor carrier shall be responsible for the operation of the vehicle, including equipment, physical condition, insurance coverage, registration thereof, markings, driver's qualifications, and all other related matters, to the same degree and extent as if said lessee motor carrier were the regular owner thereof.'

'In our view, this rule only applies where the tractor is being operated on the lessee's business. We so held with respect to a comparable Interstate Commerce Commission regulation in *Gudgel* v. *Southern Shippers, Inc.,* 387 F. 2d 723, 725-726 (7th Cir. 1967). *Wilcox* v. *Transamerican Freight Lines, Inc.,* 371 F. 2d 403, 404 (6th Cir. 1967), per curiam, certiorari denied, 387 U. S. 931, is to the same effect. Similarly, the provisions of the lease on which plaintiff relies were effective when Couture was operating the tractor on defendant's business, but here there is nothing to show that Couture was on its business when the accident occurred. In fact, this record irrefutably supports only the contrary conclusion." *Pace, supra,* 409 F. 2d at 333.

Betty V. Pace urged in her petition for rehearing before the United States Court of Appeals for the 7th Circuit that the above application of Rule 12 (b) was an error. In her petition for rehearing, she stated:

"That this Court, like the District Court, failed to give full faith and credit to a rule of a duly appointed administrative body, The Public Service Commission of the State of Indiana, whose rules have the same force and effect as a Statute duly passed by the legislative body of the State of Indiana. That this Court, like the District Court, interjected more words and meaning to Rule 12 (b) than previously existed, more specifically: 'The rule only applies where the tractor is being operated on the lessee's business', this is in error."

The petition for rehearing was denied.

The contention of the appellant-plaintiffs as set forth in their brief and urged in their oral argument is that absolute liability attaches to the lessee, Southern Express Company, whenever the leased equipment or any part thereof is placed upon the public highway whether or not the driver of the equipment is in the scope of his employment and whether or not the driver is doing some act to benefit his employer. With this contention we cannot agree. To adopt this interpretation of Rule 12 (b) would be to impart a greater degree of liability to the "motor carrier" rather than "* * * the same degree and extent as if said lessee motor carrier were the regular owner thereof." "* * * Complete control * * *" and being "* * * deemed the operator thereof * * *" does not place upon the motor carrier "* * * responsibility for the operation of the vehicle * * *" when the equipment is not being used in the scope of employment. The appellant-plaintiff's contention was never intended or contemplated under the law or under the Rule 12 (b).

There is no dispute concerning the facts. Peter Couture had delivered a load of material at the Cicero, Illinois terminal.

When he was told by the dispatcher that there would not be another load available and that he could "bobtail" it home to South Bend, this was not an exercise of control as contemplated under the lease or Rule 12 (b). This remark by the dispatcher was merely advisory at best. *Marion Trucking Co.* v. *Byers* (1951), 121 Ind. App. 592, 599, 97 N. E. 2d 635. The employer, Southern Express Company, had no control or interest in Peter Couture's direction of travel or personal activities at this point in time. Peter Couture was on his way home when the collision occurred. *Biel, Inc.* v. *Kirsch* (1959), 240 Ind. 69, 159 N. E. 2d 575. The appellant-plaintiffs have attempted in their oral argument to attach singular significance to the fact that the name of "Southern Express Company" was painted on the side of the tractor driven by Peter Couture. This fact alone is insufficient to show that Peter Couture was an agent or employee of Southern Express in the scope of his employment. *Indianapolis Railways, Inc.* v. *Horwitz* (1937), 103 Ind. App. 478, 8 N. E. 2d 1015. Even if Southern Express Company is deemed to be the owner of the tractor under Rule 12 (b) and the employer under the terms of the lease, it must be established that Peter Couture was at the time of the collision acting within the scope of his employment as an employee for the Southern Express Company. *Glenn* v. *Johnson* (1930), 91 Ind. App. 263, 171 N. E. 18; *Haynes* v. *Stroh* (1935), 99 Ind. App. 595, 193 N. E. 2d 721; *Frick* v. *Bickel* (1944), 115 Ind. App. 114, 54 N. E. 2d 436. It is well settled that an employee on his way home is normally not in the employment of his employer. *Biel* v. *Kirsch, supra;* See also 52 ALR 2d 350, 354.

In *Wilcox* v. *Transamerican Freight Lines, Inc.* (1967), 371 F. 2d 403 where the facts were very similar to those in the instant case, the Court stated that: "In our opinion, the I.C.C. Regulations do not impose a liability on a carrier using leased equipment greater than that when operating its own equipment."

It is our opinion that Rule 12 (b) of the Public Service Commission of Indiana, *supra,* does not impose a greater degree of liability upon a motor carrier than that of the owner of such equipment. Rule 12 (b) does impose the "same degree" of liability as a regular owner which is substantially the same degree of liability stated in *Wilcox* v. *Transamerican Freight Lines, Inc., supra.*

The facts being undisputed, the trial court's first reason for granting summary judgment is correct as to all three pending causes of action.

The former adjudication by the United States Court of Appeals for the Seventh Circuit is not *res judicata* in the LaPorte Circuit Court as to Betty V. Pace, as Administratrix of the Estate of Velma Becker, deceased, and as to Floyd Pace, Sr., and Betty V. Pace, husband and wife. The LaPorte Circuit Court is in error where in its "second reason" it attempted to apply *res judicata* to these causes of action. The former adjudication is *res judicata* only as to Betty V. Pace as Administratrix of the Estate of Floyd V. Pace, Jr., deceased. Our Supreme Court has held "* * * that judgments are presumptively only conclusive against parties in the character in which they sue or are sued." *Burrell* v. *Jean* (1925), 196 Ind. 187, 203, 146 N. E. 754; *McBurnie* v. *Seaton* (1887), 111 Ind. 56, 12 N. E. 101; *Paul* v. *Barnbrook* (1914), 58 Ind. App. 607, 106 N. E. 425.

The United States District Court and the LaPorte Circuit Court both had concurrent jurisdiction. *Betty V. Pace as Administratrix of the Estate of Floyd V. Pace, Jr.* v. *Southern Express Company* was the only matter pending before the United States District Court while all three causes of action were pending in the LaPorte Circuit Court. Our Court stated in *England* v. *Dana Corporation* (1970), 147 Ind. App. 279, 259 N. E. 2d 433, that "Each court was entitled to proceed with the litigation until judgment was obtained in one of them, which judgment could

be set up as a bar to further proceedings in the other, under the theory of *res judicata.*"

In *Burrell* v. *Jean, supra,* and in *England* v. *Dana Corporation, supra,* the Courts of Indiana have held steadfastly to the requirement that there must be an identity of parties before a former adjudication is *res judicata.* Both the Indiana Supreme Court and the Indiana Appellate Court in the cases referred to above have set forth these requirements:

1)   A judgment rendered on the merits;

2)   By a court of competent jurisdiction;

3)   Identity of parties; and

4)   Identity of subject matter.

Therefore, the second reason given by the LaPorte Circuit Court in its memorandum could only apply to the judgment in which Betty V. Pace as Administratrix of the Estate of Floyd V. Pace, Jr., Deceased, was a party. The "second reason" given by the LaPorte Circuit Court could not be applied to Betty V. Pace, as Administratrix of the Estate of Velma Becker, Deceased, and Floyd Pace, Sr., and Betty V. Pace, husband and wife, since they were not parties to the former adjudication made in the United States District Court. There being no identity of parties, the application of *res judicata* failed.

This error in applying the law is harmless since the LaPorte Circuit Court's first reason for granting Southern Express Company's motion for summary judgment is applicable to all three pending cases.

The LaPorte Circuit Court's judgment granting summary judgment to the defendant, Southern Express Company, should be and the same hereby is affirmed.

Hoffman, C. J. and White, J. concur.

Sharp, J., concurs in result.

NOTE—Reported in 276 N. E. 2d 213.